UTICA,
October, 1821.

DEYO
v.
WAGGONER.

## DEYO *against* WAGGONER,

IN ERROR, on *certiorari*, to a Justice's Court. *Waggoner* declared against *Deyo* in the Court below, on a contract, by which the defendant agreed to take a note executed by the plaintiff and *John Waggoner*, as his surety, to *Solomon Smith*, for 150 dollars, payable the 1st of *May*, 1820, and in consideration of five dollars, paid to the defendant, he promised to forbear the payment of the note for nine months after the 1st of *May* ; that the defendant did not forbear the payment, but sued on the note, within that time, by which the plaintiff lost the five dollars, and was put to costs and great trouble and expense to collect the money. Plea the general issue ; and a trial by jury.

It appeared, that *Smith*, being indebted to *Deyo* on bond, the latter, about the last of *April*, or 1st of *May*, took the note of *Smith*, in part payment, and at that time an agreement was made between the plaintiff and defendant, that the defendant was to wait six or eight months from the 1st of *May*, for the money. One witness testified, that he inquired of the defendant how much the plaintiff had paid him for waiting, to which he replied, " I have got the money, quential damages, or for the trouble, inconvenience, and expense he had been put-ged to leave his business, and in raising the money to pay the note.

A. gave his note jointly with S., as his surety, to D., payable on the 1st day of *May;* in consideration of five dollars paid to him by A., D. promised to forbear the payment of the note for six months, after the first day of *May*. D. did not forbear, but sued A. and S. on the note, within the time so stipulated for forbearance. An action for a breach of this agreement, was brought by A., against D., before a Justice : *Held*, that A. was entitled to recover the five dollars paid by him for the forbearance, and, also, the *costs* paid by him in the suit on the note ; but not for any conse-to, in being obli-

that is enough ;" that the witness heard the plaintiff say to the defendant, that he had paid him five dollars to extend the time of payment six or eight months, which the defendant did not deny.

A suit was commenced on the note on the 7th of *August*, 1821, and the plaintiff, on the 18th of *August*, paid the amount, with 12 dollars and 50 cents costs.

On the trial before the Justice, the plaintiff, to enhance the damages, offered to prove, that when prosecuted, he was engaged in his harvest, and for the purpose of raising money to satisfy the demand, he was obliged to quit his work and thresh his grain, and that he was put to great trouble in raising the money ; this evidence was objected to, but admitted by the Justice. The jury found a verdict for the plaintiff, for 22 dollars and 50 cents.

WOODWORTH, J. delivered the opinion of the Court. The evidence offered by the plaintiff. to prove the payment of the five dollars, for forbearance, was sufficient to warrant the finding of the jury.

An objection was taken at the trial, that the suit ought to have been brought in the names of *Adam* and *John* *Waggoner*. It is a sufficient answer, that the contract was made between the plaintiff and the defendant solely. Although *John Waggoner* might be benefitted by the delay, he had no right to claim it. It is alleged that he was a surety ; but whether he was so or not, the plaintiff took up the note, and paid it, together with the costs.

It is further objected, that the agreement ought to have been used as a defence to the suit in the Supreme Court, on the note. It might have been a defence in that suit, on the authority of *Keating* v. *Price*. (1 *Johns. Cas.* 22.) If we admit that no consideration was paid for forbearance, still it was a valid agreement to extend the time. The note of *Smith*, against the plaintiff, which was paid to the defendant, did not become due until the 4th of *May*. The agreement was made certainly not later than the 1st of *May* ; consequently, it was competent to the parties, by a parol agreement, to enlarge the time of performance ; but, although, on this principle, the plaintiff might avail himself of the

agreement by way of defence, he was not bound to do so; he had his election, and is not concluded because he waived his defence at that time. The case of *White* v. *Ward and Aylesworth*, (9 *Johns. Rep.* 232.) relied on by the plaintiff in error, does not apply here. In that case, it was ruled, that *in a Justice's Court, under the act,* a party neglecting to set off matter which would have been a bar, or not having it in his power to make out his defence at that time by proof, cannot afterwards resort to an action for the same cause. If the agreement had been made after the note became due, and was founded on the consideration alleged, it was an agreement substantially not to sue, and could not be pleaded in bar, but the party must be left to his action. (19 *Johns. Rep.* 129.)

The error in this case, is in the admission of the testimony objected to. It appears to me that it could not form a ground of damage; although the plaintiff might have suffered inconvenience and loss, by the failure to fulfil the contract. Such remote consequences cannot be taken into consideration by courts, in estimating the damages; besides, there does not appear any necessity, that the plaintiff, at the moment the writ was served, should quit his harvest, and make sacrifices to raise the money.

The jury allowed five dollars on this ground, which we think cannot be supported.

Judgment reversed.