Asa A. Jacobs and wife, Respondents, *vs.* John Hoover, William Neil *et al.*, Appellants.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

In an action by husband and wife for assaulting, beating and wounding the wife, forcibly turning her out of the house, fastening her out and preventing her return thereto, no beating or wounding was proved ; but it was shown that one of the Defendants, knowing that the husband and other members of the family were away, and that the wife, who alone remained at home, was, at the moment, in the garden adjoining, clandestinely entered the house, and barred the doors against her, refusing to permit her to re-enter, and resisting by force her attempts so to do. *Held*, That the action was not for assault and battery merely, and that the facts proved entitled the Plaintiffs to recover, though neither battery or assault were proved.

*Held, also*, That the Defendants could not prove, in mitigation of damages, that possession of the house had been obtained from one of the Defendants by means of the fraudulent representations of the husband.   Evidence of that character would be admissible only in cases where the action is brought by the party guilty of the fraud, and only avail the party defrauded, and those acting by his direction and authority.   Nor is it admissible, except in cases where the fraud, or its discovery by the Defendant prejudiced thereby, is of such recent date as to show that the act of such Defendant complained of, was done under the influence of excitement.

Such evidence can be received in mitigation of exemplary damages only.

Points and authorities of Counsel for Appellants.

The Court was wrong in overruling the offer of the Defendants, made on the trial, to prove, in mitigation of damages, that the

premises described in the complaint were obtained from the Defendant Neil, by the Plaintiff Jacobs, by fraud and false representations. The action being one in which the jury are allowed an almost unlimited discretion in the finding of vindictive damages, we submit that no evidence could tend more directly, palpably or properly to prevent or control the exercise of that discretion than to show the fraudulent manner in which the Plaintiff obtained possession of the premises.

II. The Court appears to have misconceived the action by refusing to instruct the jury according to the first, fifth and sixth requests of the Defendants.

The action is simply the ordinary one of trespass for an assault and battery, and yet the Court, by refusing the first request, tells the jury in effect that it is not necessary for the Plaintiff, in order to recover, to prove an assault and battery, nor even an assault. By refusing the fifth request, he tells them, what a glance at the complaint shows to be erroneous, that there is some other cause of action set forth therein than assault and battery; and, by refusing the sixth request, he tells them they may find damages for the Plaintiffs, though they fail to find an assault and battery, or even an assault.

The error of the judge, in refusing to give these requested instructions, consists in ignoring the gist of the action, which is assault and battery.

Failing to sustain the *gist*, the entire action falls to the ground, and no damages whatever can be recovered by the Plaintiffs. *Gould's Pleadings*, 51–2, 365; *Chitty's Pl.*, 167; *Bouvier's Dict.*, 561, as to gist of the action; 2 *Blackstone*, 119.

Points and authorities of Respondents.

I. The gist of the action is the indignity, insult and injury arising from shutting a woman thinly clad, in feeble health, and far from neighbors, from her house, forcibly preventing her return and compelling her to remain exposed to the night air, and frightening her, aggravated by an assault, but constituting, without any assault, such an injury as will entitle the party wronged, to her

27—vol. ix.

Jacobs v. Hoover et al.

damages. The Defendants were notified by the complaint to meet, disprove or justify the whole affair, and have attempted to do so without any objection to any evidence offered by the Plaintiffs. The Court, therefore, rightly charged that no actual legal assault was necessary, but that if from a review of the whole transaction, the jury were satisfied that a wilfull wrong had been done to Mrs. Jacobs in any of the respects complained of, whereby she suffered any personal injury, which is not justified by the Defendants, the Plaintiffs were entitled to recover. *Comp. Sts., p. 542, sec. 79; p. 543, sec. 90; p. 544, sec. 96; 2 Blackstone, p. 120, marginal paging.*

II. If the court hold otherwise, it must be on the ground that the occurrences admitted to have been proved really constituted in the eyes of the law an assault, so that the charge of the Judge was still substantially correct and could not have misled the jury. It was only calling an assault by another name. If this view were taken, there would be no propriety in sending the case back for a new trial, that the Judge might charge the jury that an assault was necessary, but that the wrongs admitted to have been proved constituted an assault. It would be subjecting the parties to further litigation, without altering the real bearing of the law on the facts proved. *5 Minn.,* 171, 339.

III. No fraud or false representations, admitting that such could have been proved against the Plaintiff, Asa H. Jacobs, could justify the Defendants in taking the law into their own hands, and inflicting an outrage on a defenceless woman. Nor would any such fraudulent misrepresentations have any bearing on the question of damages, unless they were of so recent occurrence as to have been the immediate provocation to the outrage. *10 Conn. Rep.,* 455; *1 Mass. Rep.,* 11; *11 Pick. Rep.,* 379; *13 Wend. Rep.,* 658; *19 John.,* 319; *4 Kent's Com.,* (6th ed.) 118, note b; *2 Duer,* 310; *15 Barb.,* 590, (right of possession immaterial.)

BERRY & PERKINS, Counsel for Appellants.

BATCHELDER & BUCKHAM, Counsel for Respondents.

Jacobs v. Hoover et al.

*By the Court*—EMMETT, C. J.—This is an action brought by husband and wife to recover damages for alleged injuries to the person of the latter.

The complaint charges that the Defendants on, &c., assaulted, and beat, wounded, and terrified the Plaintiff, Lavina Jacobs—forcibly and unlawfully turned her out of her house, fastened her out, and hindered and prevented her thereafter from reentering or returning thereto; whereby she suffered great injury, pain, etc., in body and mind, and was damaged in the sum of fifteen hundred dollars.

The Defendants answer separately, denying each and every allegation of the complaint; and the Defendant Neil alleges, in addition, that the house in question belonged, at the time, to him; that the Plaintiffs had obtained possession thereof by corrupt representations and fraud; and that on the day of the alleged assault and battery he had reentered and taken possession of said house peaceably, and without force or violence, as he lawfully might, &c.

The reply denies the new matter set up in this answer of Neil.

From the agreed statement of the facts established on the trial, we learn that the Defendant Neil had formerly occupied the house with his family; but about six weeks prior to the occurrence complained of, the Plaintiffs, under a contract of purchase, had, with the knowledge and consent of said Neil, gone into possession of said house, and continued thereafter to occupy the same, with their family. That on the day named said Neil was working with the other Defendants, his hired men, about forty rods distant from the Plaintiff's said residence—Mr. Jacobs and other members of his family being absent on other parts of the farm, his wife alone being at the house. That Neil was fully aware of this situation of affairs, and while Mr. Jacobs was so absent, his (Neil's) wife went to the Plaintiff's house, and after some conversation with Mrs. Jacobs, passed out of the house with her into the garden

Jacobs v. Hoover et al.

to examine some plants—Mrs. Jacobs being at the time without her shoes, thinly clad, and in feeble health. That Neil, knowing that the house was thus for the moment vacant, immediately approached, and, avoiding as much as possible the chance of being seen, entered the house and fastened the doors from within. That when Mrs. Jacobs shortly afterwards returned from the garden, she found the doors closed against her, and on her endeavoring to gain an entrance by the window she was forcibly resisted by Neil from the inside, and told by him that "she could not come in there—that he now had peaceable possession of his own property, and intended to keep it." That neither she nor her husband, who returned some time afterwards, were enabled to effect an entrance into their house, and finally, some time after dark, she was taken about a mile and a half distant to the house of the nearest neighbor, except Neil, in a wagon which had in the meantime been sent for by her husband.

It is admitted that there was some conflict of evidence as to whether Mrs. Jacobs went out of the house at the instance or solicitation of Mrs. Neil; but so far as this fact has any bearing on the case, we would presume in favor of the verdict, that the jury found in the affirmative.

It is further admitted that there was a conflict of evidence as to whether Mrs. Jacobs was actually assaulted by Neil while she was trying to enter the house by way of the window; and also as to whether she sustained damage by fright and exposure to the cold, and as to the nature and amount of the damage thus sustained.

Touching this question of damages, about which the evidence is admitted to have been conflicting, the presumption is also in favor of the Plaintiff. There could not have been a conflict, unless there were some evidence tending to show damage by fright and exposure, as well as its nature and extent, and any evidence of that character would be sufficient to sustain the verdict. But in regard to the question of actual assault there is no presumption in favor of the verdict, because the court refused to charge the jury that it was necessary to prove an assault in order to maintain the

action, and we cannot infer therefore that the jury passed upon that question.

The evidence as to the other Defendants is not embraced in the case agreed upon, but it is agreed that their rights in the premises shall be determined by the decision which may be made as to the Defendant Neil.

On the trial the Defendants offered to prove, in mitigation of damages, that Jacobs obtained possession of the house from Neil by fraud and false representations; but, the Plaintiffs objecting, the evidence was not received, and thereupon the Defendants excepted. They also, in maintenance of their theory that the action was for an assault or assault and battery only, asked the court to instruct the jury that, in order to maintain their action, the Plaintiffs were bound to establish the fact of an assault and battery, or an assault, upon the person of Mrs. Jacobs—that the complaint did not contain facts sufficient to constitute a cause of action, except for an assault, or assault and battery, and that the Plaintiffs could recover only for the damages resulting from an assault and battery. The court refused to give either of these instructions, and the Defendants again took their exceptions. There were other exceptions taken, but these are all upon which points were made in this court. The case was then submitted to the jury, and a verdict was returned for the Plaintiffs, with three hundred dollars damages. Judgment was thereupon entered, and the Defendants brought their appeal to this court.

We do not think the court erred in rejecting the evidence offered by the Defendants. The offer was made, no doubt, with a view to proving the special matter set up in the answer of Neil. But we do not see how in strictness it could have been admitted in support of those allegations, even if the facts sought to be proved were in any sense available as a defence to the action, because the pleading alluded to charges the alleged corrupt representations in regard to getting possession of the house, upon the Plaintiffs, (thus including the wife in the alleged fraud) whereas the offer is to prove the fraud and false representations of the husband alone.

Again, the offer is objectionable in other respects. It is too broad, in that it was made on behalf of all the Defendants, whereas, under the existing state of the pleadings, it could in no event avail any one but Neil; and were this objection obviated, the offer is too narrow, in that it did not go further and propose to show that the other Defendants acted under and by direction of Neil; for without some such connection or relation with him, the other Defendants could in nowise be benefitted by proof of the alleged fraud.

But aside from these considerations, this action was brought to recover damages for injuries done to the person of the wife, the husband being joined as a party merely because the wife could not sue alone; and we have yet to learn that an assault or other injury to a wife's person can be justified or palliated, or the damages arising therefrom in any degree mitigated by proof of the previous misconduct of her husband. We do not think so startling a doctrine requires refutation at our hands, and yet it is involved to the fullest extent in the offer of the Defendants under consideration.

Were this, however, an action on the part of the husband alone to recover damages for forcibly turning him out of his dwelling in the manner shown here, it is by no means certain that the Defendants, even in such a case, ought to have been permitted to prove in mitigation of damages that the Plaintiff had, some six weeks previously obtained possession of the premises by fraud. If the fraud, or its discovery by the Defendant in such an action had been very recent, and while acting under the excitement of the moment the Defendant had thus taken possession of the premises and excluded the Plaintiff, proof of the fraud might have been received to lessen the exemplary damages which juries are authorized to give in cases of this kind, but not, in my opinion, to affect in any manner the real damages sustained. But where, as in this case, the blood has had time to cool, such evidence ought not to affect or mitigate even the exemplary damages. Taking the remedy into one's own hands is at best an insult to the majesty of the law, and the offence is greatly aggravated whenever it is committed under circumstances evincing deliberation.

Jacobs v. Hoover et al.

The three objections, founded upon the refusal of the court to charge as requested, may be considered together, as they are but different statements of, or deductions from, the same general proposition, (i. e.) that this is an action for assault and battery, and for that only.

The Defendants first insist that the allegations of the complaint involve an assault and battery only, and then that the facts proved do not establish either. They should not, however, be permitted to defeat the action by merely giving it a name.

It is true that there was no evidence of the beating and wounding charged in the complaint, and the charge of the court did not make it necessary for the jury to determine whether an assault even had been committed. But there are other allegations beside those charging assault and other acts of violence to the person of Mrs. Jacobs. We may strike out all that relates to the assaulting, beating, wounding, etc., and the Defendants are still charged with forcibly and unlawfully turning Mrs. Jacobs out of her house, fastening her out and preventing her from again reentering or returning thereto; by means whereof she suffered great injury and pain, both in body and mind, and was put in great fear, &c. These facts are not, as the Defendants seem to think, stated merely as the facts constituting the assault and battery charged; they are affirmatively alleged in addition to and as distinct from the facts of assault, battery, &c. They are also fully sustained by the proofs, and whatever may have been the theory of the complaint in regard to them, or the object of the pleader in so stating them, we cannot resist the conclusion that they constitute a good cause of action in and of themselves. We do not consider it a proceeding altogether harmless to entice a woman in feeble health to come out of her dwelling on some flimsy pretext, and then secretly to enter and bar her own door against her, keeping her out, though she was in her stocking feet, and otherwise thinly clad, and eventually forcing her to seek refuge at the house of another. On the contrary, such conduct, in our opinion, calls loudly for redress; and though proof of beating, wounding, &c., as charged in the complaint, would have greatly aggravated the

wrong done, yet there was, nevertheless, a great injury and gross personal indignity to Mrs. Jacobs in the facts proved, though violent hands were not actually laid upon her.

Judgment affirmed.