Mr. Justice Wylie
delivered the opinion of the court:
This is an action in trespass for assault and battery committed by the wife of one man upon the wife of another. The husbands, however, are necessary parties on the one side and on the other, and are interested in the results. The husband plaintiff is a necessary party that he may maintain the cause of his wife, and in case of recovery of damages he may claim them as his own; and the husband defendant is a necessary party in order that he may defend the cause of his wife; and although joined, as some of the ancient authorities say, only for the sake of conformity, he is a substantial party, for he is liable to pay the damages which may be given for the tort committed by his wife. (See Comyn’s Dig., Baron & Feme, letters V and Y.)
Whether the husband defendant, so joined with his wife for the sake of conformity, should be punished by vindictive damages for the malicious trespass of his wife, is a question which was not made on the trial of this cause at circuit, nor was it argued before us in the general term. Vindictive, punitive, or exemplary damages are sometimes allowable, *490 not as compensation to the plaintiff for his indemnity, but, over and beyond that, as punishment of a quasi-criminal character for the wantonness and malice which inspired the wrong of the defendant. But where the damages fall upon the husband, he is the immediate and principal sufferer, although guiltless of the offense, unless it be that he must be held criminally for his failure in not having trained his wife in better manners, or for his misfortune in having a wife who was beyond his control. Neither of these considerations, however, involve malice on his part, such as in other cases may call lor vindictive damages.
In Clark v. Newman., 1 Ex. R, 131, Pollock, Ch. B.,said: “It is difficult to say that thei’e areno cases in which the motives of the parties would be important; still I think it would be very unjust to make the malignant motives of one party a ground of aggravation of damages agaiust the other party, who was altogether free from any improper motive.”
And Aldersou, B., added: “I am of the same opinion. In the case of a joint trespass the true criterion of damages is the whole injury which the plaintiff' has sustained from the joint act of trespass.”
It is true that in this case the joint defendants were not husband and wife. But the doctrine announced was, that where the action is joint against two, one of whom had been instigated to the trespass by wicked and malicious motives, and the other not so instigated, the measure of damages is that of compensation only.
It is not easy to imagine a case in which a joint action of trespass against husband and wife could be maintained; for if the trespass were committed by the husband conjointly with the wife, he would be alone responsible. And so is the law laid down in Comyn: “If the action be brought against husband and wife for a battery by both, and the husband is found not guilty, the action fails; for the husband ought to be joined only for conformitj'.”
As it is not our purpose, however, to express an opinion upon this point, for the reasons already stated, perhaps quite *491 enough has been said upon it for the present, and we shall regard the question as entirely open, should it come up on any future occasion.
At the trial of the cause before the jury at circuit, plaintiff's gave a considerable amount of evidence tending to prove that Mrs. Huber had been attacked and severely beaten upon her shoulders and back with the stump of a broom-handle by Mrs. Teuber, in consequence of which her health had been seriously impaired, and she had sustained injuries which caused her great suffering and which might shorten her life.
On the other hand, the defendants give evidence tending to prove that the assault and battery were by no means of an aggravated character; that the attack was provoked by the use of most opprobrious and obscene epithets employed by Mrs. Huber, and that the injurious results charged by the plaintiff's to have resulted from the battery in question were feigned and manufactured by the plaintiffs, for the purpose of making out a case for heavy damages against the defendants. The verdict was for $2,500.
The errors assigned by the appellants consist of exceptions taken to several rulings of the court in granting or refusing instruction asked for by the counsel of the respective parties.
The first of these instructions on the part of the plaintiffs was as follows:
“That if the jury believed from the evidence that the assault and battery in question were committed by Mrs. Teuber, not in defense of either herself, her husband, or her child, they must find for the plaintiffs, and give such damages as would compensate for the suffering endured and to be endured, the loss of health and strength, the increased liability to neuralgia, paralysis, and other diseases; and that in estimating such damages they are not to consider any circumstances of provocation which do not amount in law to a justification.”
This instruction was asked by the plaintiffs and granted by the court.
The instruction assumes that the evidence on behalf of the *492 plaintiff's had established the fact of sufferings already endured by Mi’s. Huber as the consequence of the battery complained of; that future sufferings of the same kind must follow; that loss of health and strength had been caused, and that increased liability to neuralgia, paralysis, and other diseases on the part of Mrs. Huber had been produced by the assault and battery.
These were points of controversy about which there was a great amount of conflicting testimony, and the instruction granted was well calculated to induce the jury to thiuk that the court regarded all the plaintiffs’ narrative as to the results of the battery inflicted on Mrs. Huber as fully established by the evidence. The only contingency contemplated by the instruction on which the jury were to decide, was whether the assault and battery in question had been committed in self-defense, or in defense of her husband or child. If not so committed, then the damages were to be allowed as for all the consequences enumerated in the instruction.
Another error in this instruction, as we think, is contained in the concluding clause, in these words: “And that in estimating suqh damages they are not to consider any circumstances of provocation which do not amount in law to a justification.”
This instruction involves the question whether in an action for assault and battery acts of provocation on the part of the plaintiff short of assault, such as offensive and insulting language, or gestures on the part of the plaiutiff, may be given in evidence as part of the res gestee to show the real nature of the transaction, with a view of reducing damages below the point of compensation.
The instruction assumes that in no case of this character can any mere language or gestures used by the plaintiff, however aggravating, slanderous, or provoking to the defendant, deprive the plaintiff of his right to recover full compensatory damages.
Now, the term “ compensatory damages ” includes such as will compensate the injured party for loss of time, medical *493 and other expenses, physical pain, and even mental distress. (See Sedg. on Dam., 654, note 1.)
In Austin and Wife v. Wilson and Wife, 4 Cush. R., 373, it was held that compensation included a remuneration for all the injuries which the plaintiff had sustained, whether a pecuniary loss or an injury to the feelings or reputation.
Is it the law, then, that a plaintiff who has employed the most opprobrious and insulting language and gestures, until he has provoked his adversary to the use of personal violence, shall never be allowed less than compensatory damages in this large sense — that is, an amount which shall remunerate him for his loss of time, his medical and other expenses, for his physical paiu, his mental distress, and even for his loss of character ?
It isa question about which high authorities are not agreed. In Ellsworth v. Thompson, 13 Wend., 663, Chief Justice Savage says:
“ It is true that in some cases the law has regard for the passions and frailties of our nature. For instance, had the plaintiff, in the interview between the parties, given utterance to some abuse, whether slanderous or not; had he charged the defendant or his father with criminal or even dishonorable conduct, and had the defendant, on such provocation, assaulted the plaintiff, the act could not have been justified ; yet the provocation being given at the time would have been some palliation of the offense, and the jury would have been warranted in giving small, perhaps nominal, damages.”
In 2 Greenleaf on Evidence, section 266, the subject is discussed philosophically, and the principle stated with great clearness, as follows: “ It is frequently said that in actions ex delicto evidence is admitted in aggravation or in mitigation of damages. But this, it is conceived, means nothing more than that evidence is admissible of facts aud circumstances which go in aggravation or in mitigation of the injury itself. The circumstances thus proved ought to be those only which belong to the act complained of.” And in the next section : “ On the other hand, they [the jury] are to consider any cir *494 cumstances of recent and immediate misconduct on the part of the plaintiff, in respect of the same transaction, tending to diminish the degree of injury which, on the whole, is to be attributed to the defendant. Thus, if the plaintiff himself provoked the assault complained of, by words or acts so recent as to constitute part of the res gestae; or, if the injury were an arrest without warrant, and he were shown to be justly suspected of felony; or, in an action for seduction, if it appear that the crime was facilitated by the improper conduct or connivance of the husband or father, these circumstances may well be considered as reducing the real amount of the plaintiff’s claim for damages.”
So, also, in Frazer v. Berkeley, 7 Car. & P., 621, it was said by Lord Abinger “ that a defendant who does not deny that the verdict must pass against him, may give evidence to show that the plaintiff', in some degree, brought the thing upon himself.”
The doctrine, as we understand it, deducible from these authorities, that the acts of both parties at the time of the transaction constitute the res gestae and determine its character, if these acts, on the one hand, are such as aggravate the character of the offense, they should inflame the damages ; if, on the other hand, they are such as show provocation on the part of the plaintiff, they mitigate the character of the act, and should, in a corresponding degree, diminish the damages.
To the extent that he has provoked the assault, the plaintiff' has “ brought the thing on himself.” To that extent he should bear his own loss, which can be done only by reducing his damages.
On the other side of this question are Prentiss v. Shaw, 56 Me., 427; Jacobs v. Hoover, 9 Minn., 204, and Cushman v. Waddle, Baldwin R., 59.
We think, however, that the preponderance of authority, as well as justice and reason, compel us to the decision we have reached on this subject.
The second prayer of the plaintiffs was also granted, and *495 is in these words: “If the jury find from the evidence that Mrs. Huber had given no such immediate or recent provocation to the defendant Mrs. Teuber as would have excited an ordinarily prudent person to commit the assault and battery in question, then, in addition to compensatory damages, they will give damages for the mental pain and suffering of the plaintiff Mrs. Huber.”
This instruction is also liable to the objection that it assumes that mental pain and suffering on the part of Mrs. Huber had been proved by the evidence, when the existence of any such consequence had been strongly contested by the evidence for the defendants. It was erroneous in another respect, namely, that it required the jury to give the damages asked for, when it should have left that matter wholly to the discretion of the jury.
The plaintiffs’ third prayer was also granted, which was as follows : “ If the jury find that the assault and beating was without immediate or recent provocation, and was malicious or wanton, they must, in addition to compensatory damages and damages for wounded feelings, give punitive damages.”
This instruction is objectionable in that it tells the jury they must give the punitive damages in the case supposed. It contains also the same errors as the first two instructions, as it assumed that the evidence had established the existence of mental suffering ou the part of Mrs. Huber.
Lastly, it is. objectionable in its method of classifying the damages, which it divides into three sorts: first, the compensatory ; second, for the mental sufferings; and third, the punitive.
The first instruction granted was intended to include all damages of the compensatory class, and might properly include remuneration for wounded feelings and mental suffering; the second required the jury to find (in the given case) distinct damages under that decision on account of mental suffering; and the third instruction told the jury that in the case there supposed they must find punitive damages.
Now, there are, properly, only two classes of damages *496 known in the law for such cases as this — the compensatory, and those called sometimes punitive, sometimes exemplary, and sometimes vindictive.'
Under the instructions which were granted in this case it is by no means certain that double compensation for the mental suffering might not have been given by the jury, and possibly were given.
As respects the obligatory character of the second and third instructions, requiring the jury to give damages in addition to those merely compensatory, in the cases put, respectively, in those instructions, it has always been held that binding instructions of that character were erroneous. In a learned note to Sedgwick, page 466, many authorities have been brought together, in which such instructions are shown to be erroneous, and we are content at present to do no more than to refer to that collection.
In addition to these views, the ease is pi’esented in another aspect under the principle wdiich ivas announced by the unanimous opinion of the Supreme Judicial Court of Massachusetts, in Austin and Wife v. Wilson and Wife, 4 Metc., 273. That was an action for libel by the female defendant upon the female plaintiff, and was tried before the chief justice of the Common Pleas. The damages obtained were small, and the plaintiffs carried up their case on exceptions to the charge of that court. The higher court at that time was composed of Shaw, chief justice, and of Wilder, Dewey, Metcalf, and Fletcher; and their opinion was as follows:
“We are of opinion that tbe jury were rightly instructed, that the damages in this case must be limited to a compensation for the inj ury received. Whether exemplary, vindictive, or punitive damages — that is, damages beyond a compensation or satisfaction for the plaintiff’s injury — can never be legally awarded as an example to deter others from committing a similar injury, or as a punishment of the defendant for his malignity, or wanton violation of social duty in committing the injury which is the subject of this suit, is a question upon which we are not now required nor disposed to express an *497 opinion. The arguments and the authorities on both sides of this question are to be found in 2 Greenleaf on Evidence, title Damages, and Sedgwick on Damages, 39, &c. If such damages are ever recoverable, we are clearly of opinion that they cannot be recovered in an action for an injury which is also punishable by indictment; as, libel and assault and battery. If they could be, the defendant might be punished twice for the same act. We decide the present case on this single ground. (See Thorley v. Lord Kerry, 4 Taunt., 355; Whitney v. Hitchcock, 4 Denio, 461; Taylor v. Carpenter, 2 Woodb. & Min., 1-22.)”
Undoubtedly a party charged with publishing a libel, or the commission of an assault and battery, is liable at the same time to a civil action for damages and to a criminal prosecution for his offense against the public; and this decision recognizes that principle. JBut in all cases where this double liability exists, the damages in the action should be compensatory only, and not punitive.
Even this rule will be found to be sufficiently latitudinous. for all the ends of justice, and there should be some limit to. restrain juries from running wild in the matter of damages..
Compensatory damages include such as the jury may award, for injuries done to the person, for all the expenses immediately resulting from such injuries, for loss of time, for disabilities, for loss of health, for bodily pain and for mental sufferings, including allowance on these accounts.for. the-future.
Surely these are no narrow boundaries for the range of' juries in the irresponsible exercise of their fancy or their.discretion. It appears to us that after damages have been, computed on all these several grounds, no defendant who iastill liable to fine and imprisonment by the criminal law should be further punished by the infliction of punitive damages for the benefit of a plaintiff who is already compensated, and who is no more entitled to them than any other member of the community.
Cases, however, may happen, as such cases have happened, *498 where the injury done.may be aggravated by wanton violation of the rights of others, by malice, or revenge without cause, resulting in a species of injury whose effects can neither be calculated nor compensated, and for which the law has provided no remedy except an action for damages. These constitute the class of injuries for which damages, both compensatory and punitive, may justly be awarded. The seduction of a wife or daughter belongs to this class.
A number of instructions were asked by counsel for the defendants, most of them the converse of those asked for by the plaintiffs, and were refused. It is not deemed necessary to refer to them particularly after the careful consideration which we have given to those of the plaintiff, except as to one only.
- Much contradictory testimony had been given, and the credibility of some of plaintiffs’ witnesses had been assailed by the defendants in various ways.
The instruction referred to was couched in almost the exact language of the Supreme Court, in the case of The Santissima Trinidad, as announced by Mr. Justice Story, reported in 7 Wheaton, 339.
The instruction was appropriate to the condition of the case on trial, and should have been granted; but it was refused.
The statement of the principle referred to has been made in very clear and concise language by Mr. Curtis in one of the head-notes to that case, in his edition of Reports, and is thus: “An immaterial contradiction of his testimony may leave-a witness credible; yet if'he is shown to have wilfully departed from the truth, the maxim, falsus in uno, falsus in omnibus, must be applied.”
To constitute the crime of perjury it is necessary that the false oath should relate to some fact material to the issue in the cause on trial.
But in respect to the credit of a witness before a jury, this materiality is not essential. A witness who is discovered on a trial to have sworn to a deliberate falsehood in relation to *499 a matter the truth of which he must have" known at the time of giving his testimony, although the fact may not be material, yet by that act exhibits such gross insensibility to the obligations of his oath, and to truth, and such shameless hardihood in idee, as leaves no ground for judicial belief as to- any part of his testimony.