## R. GOLDSMITH'S ADMR. v. MOSES JOY, JR.

*Assault.     Provocative     Words     as     Mitigating     Damages.*
*Exemplary Damages.*

1. No provocative words will justify an assault.
2. Nor can they be given in mitigation of actual or compensatory damages, but only upon the question of punitive damages.
3. Exemplary damages are not recoverable as a matter of right, but are given to stamp the condemnation of the jury upon the act of the defendant.
4. In determining the amount of such damages the character and standing of the parties are pertinent.

Trespass for an assault and battery, alleged to have been committed by the defendant upon the plaintiff's intestate.     Plea, the general issue, and trial by jury at the December Term, 1887, Powers, J., presiding.     Verdict and judgment for the plaintiff. Exceptions by the defendant.

The defendant did not deny that he made the assault.     It appeared, however, that at the time and just before, hot words had passed between the parties, and the defendant claimed that he committed the wrong under the influence of the passion induced by the insulting and unjustifiable language of the plaintiff and that this fact should be considered by the jury in reduction both of the actual and exemplary damages.     The defendant was the superintendent and general manager of the construction of a system of water-works in the city of Bennington, and in that capacity had in his employ about one hundred men, mostly or all foreigners.     It was in reference to the treatment of these men by the defendant that the plaintiff used the alleged insulting language.     The plaintiff was suffering from Bright's disease at the time of the affray and subsequently died of it.     It was claimed that his death was materially hastened by the assault.

The court instructed the jury to award the plaintiff actual damages at any rate, no matter what the provocation which led

Goldsmith's Admr. *v.* Joy.

to the assault might have been. Upon the subject of exemplary damages the charge was as follows :

" Now then as to the other question of damages. In actions of this kind under the laws of this State, the jury is permitted (not compelled, but permitted) in their discretion to allow to the plaintiff, in addition to the ordinary compensatory damages, such damages as in their judgment, the character of the assault requires, in order that their verdict may serve as a terror to evil doers. This is called exemplary damages—damages that are awarded by way of example ; a verdict that the community can look upon as the wise judgment of the jury, exercised in a case where it will be calculated to restrain attacks of this kind in the future. I have said, gentlemen, that the allowance of these damages is permitted to the jury. They are not awarded in any case unless the trespass—unless the assault and battery—was of such a wanton, malicious or aggravated character as leads the jury to think that an example ought to be made of the case. Often times an assault is committed by one man upon another under such circumstances that the jury can see honestly that there was no malice, that there was no wantonness, that there were no high-handed acts that would justify the awarding of more than compensatory damages.

On the other hand many cases exist where the attack is of a wanton character, where it is inexcusable, where it is of a high-handed nature, and the jury, looking at all the facts in the case, wisely say, that the public are entitled to have an example made in the particular case, in order that in the future, not only the defendant himself, but that other persons who get into affrays, shall be restrained from making these high-handed, inexcusable and wanton attacks upon another.

So that, gentlemen, this question then is one that addresses itself to your wise discretion. Do you think in view of what is shown here, that this attack was of such a character as warrants you in awarding exemplary damages ? If you do, then the amount of these damages rests wholly in your wise discretion. Whether it shall be a small sum or a large sum, you are to judge

Goldsmith's Admr. *v.* Joy.

of, but in any event, gentlemen, if you award damages of this nature you are to do it because you think that this assault upon Mr. Goldsmith was, under the circumstances, wholly inexcusable and wanton on the part of the defendant.

Now, then, in respect to that question, mere words made use of by one person to another are no legal excuse whatever for the infliction of personal violence. It makes no difference how violent the language used may be, no man has the right to use personal violence upon another when he is induced to simply by the use of words. That is no defence to the action. But when you come to the question of whether a particular case is one that deserves the awarding of exemplary damages, then you are to consider all the circumstances in the case, the provocation, if any, that the defendant had, and everything that is calculated on the one hand to aggravate his act, and on the other hand to palliate his act, are to be considered.

As I have already said on the main question of compensatory damages, there is no defense here whatever. No matter what was said, no matter how much provocation the defendant had, he is bound to answer for the compensatory damages at any event. As to exemplary damages, in the exercise of a wise discretion you will not allow them unless you are satisfied that the act of the defendant was high-handed, wanton and inexcusable, and in determining that question you are to take into view all the provocation that he had. Now, then, gentlemen, if the provocation was slight, it is quite different, and it should have less weight in determining the question whether you shall award exemplary damages than it would have if the provocation was great. Then again, you may look at the parties themselves; if Goldsmith was a feeble old man, in poor health and physically unable to compete with the defendant in a personal encounter, and the defendant, without any provocation that you in your judgment say warrants an assault, a violent assault, if he then makes an assault that is altogether undue, uncalled for in view of the special circumstances existing, why, then, it would be a case that the jury might award exemplary damages. The law takes notice of the

Goldsmith's Admr. *v.* Joy.

hot passions that people fall into when they are engaged in dis-
putes, not by way of making a complete defense to an action for
damages, but by way of raising a doubt in the minds of the jury
respecting the awarding of exemplary damages. And in deter-
mining that question, the jury is justified in looking at the par-
ties as they stand before them. Take an ignorant class of men,
that we have in every community, men who have, by their edu-
cation and bringing up, had less opportunities to come within
the circle of good order and of good behavior, the jury might well
say that that class of men, if they fall into disputes and come to
blows, that there would be less occasion for setting an example
than there would be if the parties occupied a higher and more
prominent position in society. The influence of an exam-
ple in a case of this kind oftentimes depends quite largely
upon the character of the parties involved. You can cast about
you in your mind's eye in the community, and pick out men who,
if they should fall into an affray of this kind, would draw away
very far from the moorings of good citizenship and good behav-
ior, and then an example would be demanded, if one inflicted an
assault upon another."

*Martin & Archibald, J. L. Martin* and *J. C. Baker*, for the
plaintiff.

Exemplary damages are given as a punishment for the wan-
tonness and malice of the defendant. The plaintiff is not enti-
tled to them as a matter of right. *Earl* v. *Tupper*, 45 Vt. 275 ;
*Hoadley* v. *Watson*, 45 Vt. 289 ; *Edwards* v. *Leavitt*, 46 Vt.
126 ; *Jerome* v. *Smith*, 48 Vt. 230 ; *Boardman* v. *Goldsmith*,
48 Vt. 403.

Hence anything which tends to show the circumstances under
which the wrong was committed, or the provocation which led
to it, is admissible on the question of such damages. *Davine* v.
*Rand*, 38 Vt. 621 ; *Wilson* v. *Young*, 31 Wis. 574 ; *Bartrain*
v. *Stone*, 31 Conn. 159 ; *Camp* v. *Camp*, 59 Vt. 667 ; 1 Wat.
Tres., s. 266 ; *Donnelly* v. *Harris*, 141 Ill. 126 ; *Keyes* v.
*Devlin*, 3 E. D. Smith, 518.

But no facts or circumstances can be given in mitigation of actual damages unless they furnish a legal justification, and are therefore a defense to the cause of action. 2 Sedg. Dam. 523, note b.; Wood's Mayne Dam. 590, 591, note; *Birchard* v. *Booth*, 4 Wis. 67; *Watson* v. *Christie*, 2 Bos. & Pul. 224; *Dresser* v. *Blair*, 38 Mich. 501; *Brown* v. *Swineford*, 44 Wis. 202; *Cushman* v. *Waddell*, Bald. 58; *Prentiss* v. *Shaw*, 56 Me. 427; *Voltz* v. *Blackmer*, 64 N. Y. 440.

*Batchelder & Bates* and *W. B. Sheldon*, for the defendant.

When the act is wanton and malicious, that fact may be shown in enhancement of exemplary damages. When the wrong is provoked by the plaintiff, that fact may be considered in reduction of actual damages. 2 Sedg. Dam. 7th Ed., p. 521 and note (b); *id.* p. 522, p. 523 and note; 2 Ad. on Torts, 649; *Voltz* v. *Blackmer*, 64 N. Y. 440; *Cushman* v. *Ryan*, 1 Story, 91; *State* v. *Quinn*, 2 Mill. (S. C.) 694; *Waters* v. *Brown*, 3 A. K. Marsh (Ky.) 559; *Boone* v. *State*, 31 Texas, 557; *Castner* v. *Sliker*, 33 N. J. 95; *Millard* v. *Brown*, 35 N. J. 297; *Lee* v. *Woolsey*, 19 Johns. 319; *Matthews* v. *Teney*, 10 Conn. 455; *Corning* v. *Corning*, 6 N. Y. 97; *Cushman* v. *Waddell*, 1 Bald. 58; Sedg. Dam. 642, n. 3.

In awarding exemplary damages, the jury are to be governed entirely by the character of the wrong and the motive of the defendant in committing it. They should not take into account his standing in the community. *Earl and Wife* v. *Tupper*, 45 Vt. 275; *Hoadley* v. *Watson*, 45 Vt. 289.

The opinion of the court was delivered by

TYLER, J. The court instructed the jury that there was no defense to the claim for actual or compensatory damages; that words were no legal excuse for the infliction of personal violence; that no matter how great the provocation, the defendant was bound in any event to answer for these damages.

It is a general and wholesome rule of law that whenever, by an act which he could have avoided and which cannot be justified in law, a person inflicts an immediate injury by force, he is legally answerable in damages to the party injured.

The question whether provocative words may be given in evidence under the general issue to reduce actual damages in an action of trespass for an assault and battery has undergone wide discussion.

The English cases lay down the general rule that provocation may mitigate damages. The case of *Frazer* v. *Berkeley*, 7 C. & P. 789, is often referred to, in which Lord Abinger held that evidence might be given to show that the plaintiff in some degree brought the thing upon himself ; that it would be an unwise law if it did not make allowance for human infirmities ; and if a person commit violence at a time when he is smarting under immediate provocation, that is matter of mitigation. Tindal, Ch. J., in *Perkins* v. *Vaughan*, 5 Scott's N. R. 881, said : " I think it will be found that the result of the cases is that the matter cannot be given in evidence where it amounts to a defense, but that where it does not amount to a defense, it may be given in mitigation of damages." *Linford* v. *Lake*, 3 H. & N. 27⁵. Addison on Torts, s. 1393, recognizes the same rule.

In this country, 2 Greenl. on Ev., s. 93, states the rule that a provocation by the plaintiff may be thus shown if so recent as to induce a presumption that violence was committed under the immediate influence of the passion thus wrongfully excited by the plaintiff. , The earlier cases commonly cited in support of this rule are *Cushman* v. *Ryan*, 1 Story, 100 ; *Avery* v. *Ray*, 1 Mass. 12 ; *Lee* v. *Woolsey*, 19 Johns. 241, and *Maynard* v. *Berkeley*, 7 Wend. 560. The Supreme Court of Massachusetts has generally recognized the doctrine that immediate provocation may mitigate actual damages of this kind. *Mowry* v. *Smith*, 9 Allen, 67 ; *Tyson* v. *Booth*, 100 Mass. 258, *Bonino* v. *Caledonio*, 144 Mass. 299. It is also said in 2 Sedgwick, 7th Ed., 521: " If, making due allowance for the infirmities of human temper, the defendant has reasonable excuse for the violation of public order, then there is no foundation for exemplary damages, and the plaintiff can claim only compensation. It is merely the corollary of this, that when there

-is a reasonable excuse for the defendant, arising from the prov-·ocation or fault of the plaintiff, but not sufficient entirely to jus-·tify the act done, there can be no exemplary damages, and the ·circumstances of mitigation must be applied to the actual dam-·ages. If.it were not so the plaintiff would get full compensa-·tion for damages occasioned by himself. The rule ought to be and is, practically, mutual. Malice and provocation in the ·-defendant are punished by inflicting damages exceeding the measure of compensation, and in the plaintiff by giving him less ·than that measure."

In *Burke* v. *Melvin,* 45 Conn. 243, Park, Ch. J., held that the whole transaction should go to the jury. " They ·could not ascertain what amount of damages the plaintiff was ·entitled to receive by considering a part of the transaction. They must look at the whole of it. They must ascertain how :far the plaintiff was in fault, if in fault at all, and how far the ·defendant, and give damages accordingly. The difference between a provoked and an unprovoked assault is obvious. The latter would deserve punishment beyond the actual damages, while the damages in the other case would be attributable, in a ·great measure, to the misconduct of the plaintiff himself." In *Bartram* v. *Stone,* 31 Conn. 159, it was held that in an action ·for assault and battery the defendant might prove, in mitigation of damages, that the plaintiff, immediately before the assault, ·charged him with a crime, and that his assault upon the plaintiff was occasioned by " sudden heat " produced by the plaintiff's false accusation. See also *Richardson* v. *Hine,* 42 Conn. 206.

In *Kiff* v. *Youmans,* 86 N. Y. 324, the plaintiff was upon defendant's premises for the purpose of committing a trespass, ·and the defendant assaulted him to prevent the act, and the ·only question was whether he used unnecessary force. Dan-forth, J., said : "It still remains that the plaintiff provoked the trespass, was himself guilty of the act which led to the dis-turbance of the public peace. Although this provocation fails to justify the defendant, it may be relied upon by him in mitiga-tion even of compensatory damages. This doctrine is as old as

the action of trespass, and is correlative to the rule which permits circumstances of aggravation, such as time and place of an assault, or insulting words, or other circumstances of indignity and contumely to increase them."

In *Robinson* v. *Rupert*, 23 Penn. St. 523, the same rule is adopted, the court saying: "Where there is a reasonable excuse for the defendant, arising from the provocation or fault of the plaintiff, but not sufficient to entirely justify the act done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages."

In *Ireland* v. *Elliott*, 5 Ia. 478, the court said: "The farthest that the law has gone, and the farthest that it can go, whilst attempting to maintain a rule, is to permit the high provocation of language to be shown as a palliation for the acts and results of anger; that is, in legal phrase, to be shown in mitigation of damages."

In *Thrall* v. *Knapp*, 17 Ia. 468, the court said: "The clear distinction is this: *contemporaneous* provocation of words or acts are admissible, but *previous* provocations are not, and the test is, whether, 'the blood has had time to cool.'" * * * "The law affords a redress for every injury. If the plaintiff slandered defendant's daughters, it would entirely accord with his natural feelings to chastise him ; but the policy of the law is against his right to do so, especially after time for reflection. It affords a peaceful remedy. On the other hand the law so completely disfavors violence, and so jealously guards alike individual rights and the public peace that, if a man gives another a cuff on the ear, though it cost him nothing, no, not so much as a little *diachylon*, yet he shall have his action." Per Lord Holt, 2d Ld. Raym. 955. The reasoning of the court seems to make against this rule that provocations such as happen at the time of the assault may be received in evidence to reduce the amount of the plaintiff's recovery.

In *Moreley and Wife* v. *Dunbar*, 24 Wis. 183, Dixon, Ch. J., held, that notwithstanding what was said in *Birchard* v. *Booth*, 4 Wis. 85, circumstances of provocation attending the

transaction, or so recent as to constitute a part of the *res gestæ*, though not sufficient entirely to justify the act done, may constitute an excuse that may mitigate the actual damages; and, where the provocation is great and calculated to excite strong feelings of resentment, may reduce them to a sum which is merely nominal. But in *Wilson* v. *Young*, 31 Wis. 574, it was held by a majority of the court that provocation could go to reduce compensatory damages only so far as these should be given for injury to the feelings, Dixon, Ch. J., however, adhering to the rule in *Moreley* v. *Dunbar*, that it might go to reduce all compensatory damages; but in *Fenelon* v. *Butts*, 53 Wis. 344, and in *Corcoran* v. *Harron*, 55 Wis. 120, it was clearly held that personal abuse of the assailant by the party assaulted may be considered in mitigation of *punitory*, but not of *actual* damages, which include those allowed for mental and bodily suffering; that a man commencing an assault and battery under such circumstances of provocation is liable for the actual damages which result from such assault.

In *Donnelly* v. *Harris et al.*, 41 Ill. 126, the court instructed the jury that words spoken might be considered in mitigation of damages. Walker, Ch. J., in delivering the opinion of the Supreme Court remarked: "Had this mo lification been limited to exemplary damages it would have been correct, but it may well have been understood by the jury as applying to actual damages, and they would thus have been misled. To allow them the effect to mitigate actual damages would be virtually to allow them to be used as a defense. To say they constitute no defense, and then say they may mitigate all but nominal damages, would, we think, be doing by indirection what has been prohibited from being done directly. To give to words this effect, would be to abrogate, in effect, one of the most firmly established rules of the law." See also *Ogden* v. *Claycomb*, 52 Ill. 366. In *Gizler* v. *Witzel*, 82 Ill. 322, the court said in reference to the charge of the court below: "T e third instruction tells the jury among other things that the plaintiff, in order to recover, should have been guilty of no provoca-

tion. This is error. It is wholly immaterial what language he may have used, so far as the right to maintain an action is concerned, and even if he went beyond words and committed a technical assault, the acts of the defendant must be still limited to a reasonable self defense."

In *Norris* v. *Casel*, 90 Ind. 143, this precise question was not raised, but the court said in reference to the instructions of the court below, that the first part of the charge that a provocation by mere words, however gross and abusive, cannot justify an assault was correct, and that a person who makes such words a pretext for committing an assault, commits thereby not only a mere wrong, but a crime, and the person so assaulted is not deprived of the right of reasonable self defense, even though he used the insulting language to provoke the assault against which he defends himself; but whatever may have been his purpose in using the abusive language, it cannot be made an excuse for the assault.

*Johnson* v. *McKee*, 27 Mich. 471, was a case very similar to the one at bar, and was given to the jury under like instructions. The Supreme Court said : " In regard to provocation, the court charged in effect, that if plaintiff provoked defendant, and the assault was the result of that provocation, he could recover nothing beyond his actual damages and outlays, and would be precluded from claiming any damages for injured feelings or mental anxiety. In other words he would be cut off from all the aggravated damages allowed in cases of wilful injury, and sometimes loosely called exemplary damages. As there is no case in which a party who is damaged and is allowed to recover anything substantial, cannot recover his actual damages, the rule laid down by the court was certainly quite liberal enough, and if any one could complain it was not the defendant."

The court said in *Prentiss* v. *Shaw*, 56 Me. 712 : " We understand the rule to be this—a party shall recover as a pecuniary recompense the amount of money which shall be a remu-

(32)

neration, as near as may be, for the actual, tangible, and immediate result, injury, or consequence of the trespass to his person or property. * * * If the assault was illegal and unjustified, why is not the plaintiff in such case entitled to the benefit of the general rule, before stated, that a party guilty of an illegal trespass on another's person or property, must pay all the damages to such person or property, directly and actually resulting from the illegal act. * * * Where the trespass or injury is upon personal or real property it would be a novelty to hear a claim for a reduction of the actual injury based on the ground of provocation by words. If, instead of the owner's arm, the assailant had broken his horse's leg, * * * must not the defendant be held to pay the full value of the horse thus rendered useless ? " The learned judge admits that the law has sanctioned, by a long series of decisions, the admission of evidence tending to show, on one side, aggravation, and on the other, mitigation of the damages claimed, but he holds the law to be that mitigant circumstances can only be set against exemplary damages and cannot be used to reduce the actual damages directly resulting from the defendant's unlawful act.

In a learned article on damages in *Actions ex Delicto*, 3 Am. Jur. 287, it is said : " If the law awards damages for an injury, it would seem absurd, even without resorting to the definition of damages, to say that they shall be for a part only of the injury."

" It is a reasonable and a legal principle that the compensation should be equivalent to the injury. There may be some occasional departures from this principle, but I think it will be found safest to adhere to it in all cases proper for legal indemnification in the shape of damages." Ch. J. Shippen, 4 Dall. 207.

*Jacobs* v. *Hoover*, 9 Minn. 204, *Cushman* v. *Waddell*, 1 Baldwin, 57, and *McBride* v. *McLaughlin*, 5 Watts, 375, are strong authorities in support of the rule that provocative language used by the plaintiff at the time of the battery should be given in evidence only in mitigation of exemplary damages, and that unless the plaintiff has given the defendant a provocation

amounting in law to a justification he is entitled to receive compensation for the actual injury sustained.

If provocative words may mitigate, it follows that they may reduce the damages to a mere nominal sum and thus practically justify an assault and battery. But why under this rule may they not fully justify? If in one case, the provocation is so great that the jury may award only nominal damages, why, in another, in which the provocation is far greater, should they not be permitted to acquit the defendant and thus overturn the well settled rule of law, that words cannot justify an assault. On the other hand if words cannot justify they should not mitigate. A defendant should not be heard to say that the plaintiff was first in the wrong by abusing him with insulting words and therefore, though he struck and injured the plaintiff, he was only partly in the wrong and should pay only part of the actual damages.

If the right of the plaintiff to recover actual damages were in any degree dependent on the defendant's intent, then the plaintiff's provocation to the defendant to commit the assault upon him would be legitimate evidence bearing upon that question, but it is not. Even lunatics and idiots are liable for actual damages done by them to the property or person of another, and certainly a person in the full possession of his faculties should be held liable for his actual injuries to another unless done in self defense or under reasonable apprehension that the plaintiff was about to do him bodily harm. The law is that a person is liable in an action of trespass for an assault and battery, although the plaintiff made the first assault, if the defendant used more force than was necessary for his protection, and the symmetry of the law is better preserved by holding that the defendant's liability for actual damages begins with the beginning of his own wrongful act. It is certainly in accordance with what this court held in *Howland* v. *Day & Dean*, 56 Vt. 318, that " The law abhors the use of force either for attack or defense and never permits its use unnecessarily."

Goldsmith's Admr. *v.* Joy.

Exemplary damages are not recoverable as matter of right,. but as was stated by Wheeler, J., in *Earl and wife* v. *Tupper,* 45 Vt. 275, they are given to stamp the condemnation of the jury upon the acts of the defendant on account of their malicious. or oppressive character. *Boardman* v. *Goldsmith,* 48 Vt. 403,. and cases cited; Mayne on Dam. 5865; *Voltz* v. *Blackmer,.* 64 N. Y. 440.

The instructions to the jury upon this branch of the case were in substantial accordance with the law as above stated. As. exemplary damages were awardable in the discretion of the jury, the charge was also correct that the influence of an example in a case of this kind depended on the character and standing of the parties involved.

*We find no error in the charge and the judgment is affirmed.*