## John Richardson *vs.* Isaac W. Hine.

Upon an issue tried to the court the judge received evidence on the part of the plaintiff, the admissibility of which depended upon a certain connecting fact which the plaintiff proposed to prove, the judge remarking that, unless such fact were established, he should treat the evidence as irrelevant. The objection was not renewed in any later stage of the trial, and the amount of damages awarded indicated that the judge had treated the evidence as irrelevant. Held that it was not a sufficient ground for granting a new trial upon the motion of the defendant, that while the connecting fact had not been proved, the court had not ruled out the evidence.

In trespass for an assault the defendant may show in mitigation of damages that the plaintiff was on unfriendly terms with him and provoked the assault. But the testimony must be confined to such recent occurrences as would show a state of hostility at the time of the assault and would naturally tend to produce it.

Trespass for an assault and battery ; brought to the Superior Court in New Haven County, and tried to the court before *Beardsley, J.* Judgment for the plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*H. Stoddard,* in support of the motion.

*Alling,* contra.

Phelps, J. This is an action of trespass for alleged personal injuries resulting from an altercation between the parties, which the plaintiff claims were so severe in their character as to produce epilepsy. The defendant claimed that, if the plaintiff was in fact suffering from that disease, it was inherited from his parents. Under these claims, in connection with the offer by the plaintiff to introduce medical testimony to show what were the ordinary causes of epilepsy and that violence upon the head was one, and gatherings in the ears one of the symptoms of it, he offered himself as a witness to prove that his parents had never to his knowledge had epileptic fits or gatherings in their ears. The defendant

objected to the reception of this testimony, but the court admitted it, at the same time qualifying its ruling with the suggestion that unless the plaintiff succeeded in establishing a connection between the violence of the defendant and the cause of the disease, it would be regarded as irrelevant. During the later stages of the trial the defendant made no claim that the evidence so objected to and admitted should be stricken out for the reason that the medical testimony in behalf of the plaintiff did not establish such connection, and did not in any way call the attention of the court to the ruling made with respect to the admission of it. The plaintiff in his declaration demanded $5,000 damages. The court found the issue in his favor; and estimated them at $500; and one of the causes assigned by the defendant in support of his motion for a new trial is the error of the court in the aforesaid ruling. .

The admission of the evidence was carefully qualified by the judge, and as the cause was tried without a jury we see no substantial reason for the objection to the course taken. If the medical testimony had been such as the plaintiff claimed he was able to produce, the evidence offered would have been admissible. The amount of the judgment indicates that it was not, and that the court in fact treated it as irrelevant. Especially as the defendant made no subsequent claim that the testimony should be stricken out, and did not in any manner call the attention of the court to it, he ought not to be now permitted to object to the course which was pursued. We do not intend by this to modify the decision of this court in the recent case of *Jacques* v. *The Bridgeport Horse R. R. Co.*, 41 Conn., 61. The ground upon which the two cases rest is in some respects materially different. In this case the discretion of the Superior Court was exercised under and controlled by the claim that the offered evidence would be connected with other testimony, by means of which connection it would be rendered admissible, and it was received under a statement by the court that it would be rejected as irrelevant if such connection failed to appear. In the other, no such claim was made, and the fact that the evidence was

admitted without, was one of the prominent reasons assigned for adjudging the ruling to be erroneous.

The plaintiff testified that at the time of the alleged assault he went to the store of the defendant to attempt to compromise a difficulty between the defendant and another person. For the purpose of showing that his object was not to compromise any difficulty, but by abusive language toward the defendant to provoke an assault, he was inquired of on cross-examination if he had not at one time insulted and assaulted the defendant in church, and on another occasion in the church porch, and if he had not been constantly devising means of provocation against the defendant. The defendant also offered to show that for several years prior to the alleged assault the plaintiff had quarreled with him, and had on various occasions annoyed and insulted him, and had thereby produced in his mind a state of unusual irritation and excitement.

The admission of all this testimony was objected to by the plaintiff because it did not tend to show provocation at the time of the assault, and because in the defendant's notice he had set up nothing but self-defence.

The court so far sustained the objection of the plaintiff as to confine the testimony to such recent occurrences as would naturally leave behind them traces of resentment and provoke the assault which occurred, and show that the prior relations of the parties were of an unfriendly character.

The defendant was entitled to show in mitigation of damages the intent with which the plaintiff went to the defendant's store, and we are unable to see that his right in that respect was restricted. He was permitted to show that the plaintiff was on unfriendly terms with him and provoked the assault, and proof of former controversies independent of that connected with the assault, and of such as were not so recent as to relate to or provoke it, were properly excluded.

It is also claimed that the court improperly rejected the deposition of a witness offered by the defendant to show that the plaintiff had attempted to intimidate the daughter of the deponent and dissuade her from testifying in the cause, but

the defendant had not then and did not afterward offer her as a witness, to prove such intimidation. The deposition is spoken of in the motion as annexed to and made part of the record, but it is not, and we therefore infer that this claim of the defendant was not intended to be pursued.

We advise that a new trial be not granted.

In this opinion the other judges concurred.