RICHARD D. W. KIFF, Respondent, v. WILLIAM YOUMANS, Appellant.

One who exercises a legal right simply cannot be made liable because his action was instigated by wantonness or malice; the exercise of the right cannot be affected by the motive which controls it.

Where, in an action for assault and battery, it appears that plaintiff was a trespasser upon defendant's premises, and that the latter, in removing him, used more force than was necessary, plaintiff is not entitled to recover exemplary or punitive damages.

It seems, that in such an action the fact that plaintiff was the aggressor is proper to be considered in mitigation of the actual damages.

In such an action, the court after it had charged, in substance, that if defendant used more force than was necessary to stop the trespass he was liable for compensatory damages, added, "and in a case where the jury find the defendant's acts were wanton and malicious they may, in addition to the compensatory damages, return a sum by way of punitive or compulsory damages." Held, error; that conceding he would have been so liable, if he had taken an opportunity, under pretense of right, to inflict upon plaintiff a wanton and malicious assault, the attention of the jury was not directed to such a question, but they might well have understood the charge as applying to the whole procedure of the defendant, and to the motive with which any degree as well as the excessive force was applied.

(Argued June 21, 1881; decided October 11, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made the fourth Tuesday of January, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 20 Hun, 123.)

This action was to recover damages for an alleged assault and battery.

The defense was that, at the time of the occurrence complained of, plaintiff was trespassing upon the premises, and, refusing to leave when requested, defendant attempted to remove him, using no more violence than was necessary for the purpose.

The facts, so far as material, are stated in the opinion.

*William Youmans* for appellant. Where there is a reasonable excuse for the violation of the public order arising from the provocation or fault of the plaintiff, but not sufficient to entirely justify the wrong done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages. (*Palmer* v. *Andrews*, 7 Wend. 142; *Robinson* v. *Rubert*, 23 Penn. St. 524; *Evans* v. *Masten*, 56 id. 54; Sedgwick on Damages [6th ed.], 686, note 2.) It was also proper to show that plaintiff was malicious in his acts of digging on defendant's lands, and refusing to accept peacefully all he could get by digging. (*Millard* v. *Brown*, 35 N. Y. 297; *Voltz* v. *Blackmar*, 54 id. 440; 67 id. 100.) In a case where the plaintiff may enhance the damages by showing circumstances of aggravation, the defendant may mitigate damages by showing circumstances of · palliation. (*Millard* v. *Brown*, 35 N. Y. 297; Abbott's Trial Evidence, 650, note 13.) The judge at Circuit erred in charging that, " If a case where the jury find that the defendant's acts were wanton and malicious, they may, in addition to the compensatory damages, return a sum by way of punitive or exemplary damages, for the purpose of teaching the defendant, and all persons so inclined, to respect the rights of others." (*Dain* v. *Wyckoff*, 7 N. Y. 193; *Fay* v. *Parker*, 53 N. H. 342; *S. C.*, 16 Am. Rep. 270; 23 Ohio St. 10; 35 Iowa, 9; *Mooney* v. *Kennett*, 19 Mo. 551; 1 Wait's Actions and Defenses, 339, 345, 346; 45 Barb. 262; *Scribner* v. *Beach*, 4 Denio, 448; *Filkins* v. *People*, 69 N. Y. 106; 15 Barb. 590; Sedgwick on Damages, 39, 455; 13 How. [U. S.] 371; *Hamilton* v. *Third Ave. R. R. Co.*, 53 N. Y. 30.)

*Wm. Gleason* for respondent. This court will not reverse a judgment upon the ground that the damages were excessive. (*Gale* v. *H. R. R. Co.*, 77 N. Y. 595; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 id. 507–510; *Litehult* v. *Treadwell*, 18 Alb. L. J. 39; Graham on New Trials, 452; *Coleman* v. *Southwick*, 9 Johns. 52; *Huckle* v. *Money*, 2 Wilson 205; *Dubberly* v. *Gunning*, 4 T. R. 651; *Gilbert* v. *Burtenshaw*,

Cowp. 230; *Beardmore* v. *Carrington*, 2 Wilson, 244, 249; *Chambers* v. *Robinson*, 1 Strange, 691; 9 Johns. 52; 3 id. 64; *Fabrigas* v. *Mostyn*, 2 W. Black. 292; *Leith* v. *Pope*, id. 1327; *Tillotson* v. *Cheatham*, 2 Johns. 63–74; 3 id. 64; *Coleman* v. *Southwick*, 9 id. 45; *Gale* v. *The N. Y. C. & H. R. R. R. Co.*, 13 Hun, 1; 12 Barb. 496; *Ingerson* v. *Miller*, 47 Barb. 48–52; 5 Cow. 106, 118; *Sloan* v. *C. & H. R. R. R. Co.*, 1 Hun, 540; *Travis* v. *Barger*, 24 Barb. 614, 629; *Caldwell* v. *N. J. St. Co.*, 56 id. 425; 47 N. Y. 282; *Sherpf* v. *Szadeezky*, 1 Abb. Pr. 366, 375; 9 Abb. Pr. 53; 9 Johns. 51; *Day* v. *Woodworth*, 13 How. [U. S.] 363; 1 Vol. Com. 626*, 15; 1 M. & W. 342; *Thramb* v. *Krekeler*, 17 Hun, 338; 3 Wait's Pr. 411, 412; 1 Hilt. 147; 3 Fisher's Com. Law. Dig. 6102; *Bierbauer* v. *The N. Y. C. & H. R. R. R. Co.*, 15 Hun, 559, 562; *Lansing* v. *N. Y. C. R. R. Co.*, 49 N. Y. 538–8.) The charge " That if the jury found that the defendant used more force than was necessary and also that his acts were wanton and malicious then, in addition to compensatory damages, they could give a sum beyond the actual damages for punitive or exemplary damages," was correct. (*Hunt* v. *Bennett*, 19 N. Y. 173, 175; *Volts* v. *Blackmar*, 64 id. 444; *Hamilton* v. *Third Ave. R. Co.*, 53 id. 28; *Taylor* v. *Church*, 8 id. 460–64; *Caldwell* v. *Jersey Steamboat Co.*, 47 id. 296; 56 id. 44; Shearm. & Redf. on Neg., § 600; Sedgwick's Damages [7th ed.], * 38; *Elliott* v. *Brown*, 2 Wend. 497; id. * 455, 456–466; *Krom* v. *Schoonmaker*, 3 Barb. 647–650; *James* v. *Campbell*, 5 Carr. & Payne, 372; *Hoy* v. *Cohoes Co.*, 3 Barb. 42; *Huckle* v. *Money*, 2 Wilson, 205; *Beardmore* v. *Carrington*, id. 244; *Tullidge* v. *Wade*, 3 id. 18; *Merest* v. *Handy*, 5 Taunt. 442; *Sears* v. *Lyons*, 2 Starkie, 317; *Doe* v. *Folliter*, 13 Mees. & Wels. 47; *Williams* v. *Currie*, 1 Mann., Gr. & Scott, 841; *Cook* v. *Ellis*, 6 Hill, 466; *Corwin* v. *Walton*, 18 Mo. 71; *Jefferson* v. *Adams*, 4 Harr. [Del.] 321; *Hoadley* v. *Watson*, 45 Vt. 289; 5 Barb. 304; *Burr* v. *Burr*, 7 Hill, 217; Greenl. on Ev. 280, § 267; 9 L. R. 530; *Fry* v. *Bennett*, 3 Bosw. 203; affirmed, 28 N. Y. 324; 4 Duer, 247; *Woodward* v.

*Paine*, 15 Johns. 494; *Williams* v. *Currie*, 1 C. B.; 56 Me. 427; 43 id. 163; 27 N. H. 223; 57 Me. 202.)

DANFORTH, J.    Although the trial judge was of opinion that a smaller verdict would have done better justice between the parties, he felt its adjustment, under the rules laid down by him, was within the province of the jury, and the General Term refrained from interference, because it did not appear they were actuated in rendering it by prejudice, passion or other improper motive.    On the other hand, the respondent contends that the verdict would have been much larger if the court had not decided as a matter of law, that in the transaction submitted to the jury the plaintiff was a trespasser.    Before this court both decisions are final.    We cannot interfere, because of the amount of damages (*Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 310; *Gale* v. *Same*, 76 id. 594; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 id. 506); nor can the plaintiff retain them, unless they were adjusted by rules to the benefit of which he is entitled in the character with which he was invested.

It was held against him that, at the time of the affray, he was upon the defendant's premises for the purpose of doing an act without license or right; that the defendant was justified in removing him therefrom by force; and that the only question was, whether the defendant " exercised more force and violence upon the person of the plaintiff than was necessary to prevent him from completing his trespass." If he did, the court said, the plaintiff would be entitled to a verdict for such sum of money as would fully compensate him for all the injury he had sustained, including detention from his customary duties, and injury or damage in his business, and for all the pain and suffering he had undergone, adding, " and in a case where the jury find the defendant's acts were wanton and malicious, they may, in addition to the compensatory damages, return a sum by way of punitive or exemplary damages — a sum beyond the actual damages, for the purpose of teaching the defendant, and all persons so inclined, to respect the rights of others."    The

latter clause of these instructions does not appear to be a legitimate result from the assumed facts. They are, first, an assault and battery committed by the defendant ; second, circumstances palliating, if they did not wholly justify, the offense ; third, those circumstances originating with, and constituting a fault or trespass on the part of the plaintiff ; and in view of the finding of the jury, we may now add a fourth, that in repelling the trespasser more than necessary force was used. It will simplify the discussion to bear in mind that no question is made, but that these facts entitled the plaintiff to compensation for actual damages. The exception relates to that part of the charge permitting addition thereto by way of punishment to the defendant and admonition to others.

Whether the doctrine which permits vindictive, or, as they are termed here, punitive or exemplary, damages, can in any action of this character be justified upon principle, it is not necessary to inquire. For, assuming that it is so firmly established as to make any save legislative investigation useless (*Hunt* v. *Bennett*, 19 N. Y. 173 ; *Hamilton* v. *The Third Ave. R. R. Co.*, 53 id. 25), we think it has no application to the case before us, and that the learned trial judge erred in submitting it to the jury as one which, in any aspect, could be responded to by such allowance.

The defendant was upon his own premises. The plaintiff entered for the purpose, deliberately formed, of doing an act which, if persisted in, would impose a burden upon the land and impair the defendant's enjoyment of his own property. The natural event of such a trespass was to incite resistance, and so lead to a disturbance of the public peace. (*Filkins* v. *The People*, 69 N. Y. 101.) It was not accidental; the positive misconduct of the plaintiff originated and promoted it. Instead of submitting the right which he asserted, and the defendant denied, to the proper decision of the courts, he took its administration in his own hands, adjudged the right in his own favor, and undertook its enforcement. Properly invoked, the law has pronounced against him, declared him to be a wrong-doer, instead of an executor of a just judgment, and therefore the

aggressor in the strife which followed. It finds, therefore, that his adversary was justified in repelling the enforcement of that self-asserted right, but that he exceeded the bounds of proper passion in so doing, and for this excess should answer in damages. It was thus assumed in the very frame of the issue presented to the jury that some force was necessary, and that the defendant might lawfully lay hands upon the plaintiff. Up to that point, therefore, including the exercise of force sufficient to remove the plaintiff, the defendant was without fault. Whatever injury the plaintiff sustained resulted, in part, at least, from its application, and so much the plaintiff brought upon himself. But all acts of the defendant upon this occasion were directed to the removal of the aggressor. Nothing more than this is suggested, or can be gathered, from the instructions of the court. And whether, in requiring that removal, the defendant was instigated by wantonness or malice is immaterial. The exercise of a legal right cannot be affected by the motive which controls it. (*Phelps* v. *Nowlen*, 72 N. Y. 39; *Corey* v. *The People*, 45 Barb. 262.) It is true, as has been urged in support of the judgment, that the owner of land, when removing a trespasser, might take an opportunity, under pretense of right, to inflict on him a wanton and malicious assault. But the attention of the jury was not directed to such a question. They were not asked to inquire whether this was, in fact, the purpose of the defendant. If it had been, and they had so found, it is not necessary to deny that under adjudged cases the charge, in the respect objected to, could be upheld. But, on the contrary, it was assumed that the object of the defendant was to stop a trespass, and restrain a trespasser. Yet the jury might well have understood the charge as applying to the whole procedure of the defendant, and to the motive with which any degree, as well as the excessive force, was applied. In that aspect it is clearly erroneous.

Let us take another view of the charge. Assume that it relates simply to the excess of force, and that the jury were called upon to determine whether it was applied wantonly or maliciously. Still the intention of removal was lawful, and

the injury was-done in executing it. The willful and deliberate act of the plaintiff, which constituted him a trespasser, was its proximate cause. (*Filkins* v. *The People, supra.*) Yet it must be conceded that the defendant was nevertheless bound to confine the force used by him to reasonable limits, defined by the necessity of the case. If he used more he became responsible for all consequences of the excess (*Filkins* v. *The People, supra; Ilott* v. *Wilkes,* 3 Barn. & Ald. 304) ; or to present the point more distinctly, let us concede for that purpose that inasmuch as the law gave authority to the defendant to repel with only necessary force the intruder, he, by excess abusing that authority, became a trespasser *ab initio.* It still remains that the plaintiff provoked the trespass, was himself guilty of the act which led to the disturbance of the public peace. Although this provocation fails to justify the defendant (2 Greenl. Ev., § 98), it may be relied upon by him in mitigation even of compensatory damages. This doctrine is as old as the action of trespass (*Avery* v. *Ray,* 1 Mass. 11 ; *Richardson* v. *Hine,* 42 Conn. 206 ; *Thomas* v. *Powell,* 7 Carr. & P. 807 ; *Lee* v. *Woolsey,* 19 Johns. 318 ; *Corning* v. *Corning,* 6 N. Y. 103 ; *Cushman* v. *Ryan,* 1 Story, 100 ) ; and is correlative to the rule which permits circumstances of aggravation, such as time and place of an assault, or insulting words, or other circumstances of indignity and contumely, to increase them. (2 Greenl. Ev., § 267.) A different rule is suggested in *Birchard* v. *Booth* (4 Wis. 67), but in the later case of *Morely* v. *Dunbar* (24 id. 183), the same court repudiates it, and declares that circumstances of provocation attending the transaction, or so recent as to constitute a part of the *res gestæ,* though not sufficient entirely to justify the act done, may constitute an excuse which will mitigate the actual damages, and even reduce them to a sum which is merely nominal ; while *Robison* v. *Rupert* (23 Penn. St. 523) lays down a rule not only supporting the same proposition, but quite applicable to the facts of this case. It was trespass for personal injuries. The plaintiff was shot, when with others he was annoying, and disturbing the defendant, and after he had been warned to desist. The court

charged " that these circumstances should go in mitigation of exemplary damages, but that the plaintiff was entitled to full compensation for all his sufferings, losses and expenses, notwithstanding the character of the provocation by which he drew them on himself." The plaintiff had a verdict, and upon error brought by the defendant, the court reversed the judgment saying : " Where there is a reasonable excuse for the defendant, arising from the provocation or fault of the plaintiff, but not sufficient entirely to justify the act done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages." When given they are superadded, as the learned trial judge in the case before us stated, to the former. It would seem to follow, therefore, that he who by reason of his fault cannot have the first must be destitute of any legal right to the other. They cannot stand in its place ; nor can they be added to what does not exist. If the injury of which he complains came in part from his own act, there is less reparation demanded from the defendant, for the law seeks to do justice between the parties, and will not require one to atone for the other's error. If satisfaction is to be made for the breach of public order, it is not due to him, for his own wrong is the consideration upon which it stands, and for that he cannot be allowed to profit. Otherwise he would receive compensation for damages occasioned by himself. . Yet we have this spectacle before us. A fine laid upon the defendant that the rights of others may be respected, and its payment ordered, not into the public treasury, but the hand of the first aggressor. The law is careful and exact in its dealings. It denies compensation to him who, by his own negligence, contributed to injuries from which he suffers. Much less will it allow one who excites public disorder to profit by punishment imposed upon his adversary for the protection of the community. In offending the plaintiff came first. If he had kept the peace there would have been no second. It would very much impair that sense of security which grows out of the legal right to hold and enjoy property, and defend by reasonable force its possession, if the owner, when his rights are invaded,

was required to answer not only for a failure to measure with precision the degree of strength applicable to the aggressor, but respond to him in a civil action according to the estimate which a jury, influenced by the impassioned appeals of private counsel, might place upon the value of public order. It would seem that the repression of crime by punishment, and to determine how far it shall be inflicted upon an offender, to prevent future injuries by himself or others, should be left to the courts constituted for that purpose. In their action the injured party can have no interest beyond that of every member of the community — which is, to be protected. Moreover, in such a prosecution, conducted by officials acting not from selfish motives or in the interest of either party, but from a sense of responsibility, there would be less danger of a miscarriage of justice by an inflamed sentence. But I do not mean to consider the general doctrine. The cases cited by the respondent are abundant to show that such damages are, in many civil actions, allowed. I find not one, however, which goes far enough to sustain the ruling before us, and there is no principle which requires the extension of the doctrine. (*Dain* v. *Wycoff*, 7 N. Y. 191.) Without considering other exceptions, the views above expressed require that the exception already noticed should be sustained.

The judgment appealed from should therefore be reversed and a new trial granted, with costs to abide the event.

RAPALLO, ANDREWS and MILLER, JJ., concur; FOLGER, Ch. J., and FINCH, J., did not concur in opinion; EARL, J., absent at argument.

Judgment reversed.