(77 App. Div. 584.)

GENUNG v. BALDWIN.

(Supreme Court, Appellate Division, Third Department.   December 9, 1902.)

1. ASSAULT—PROVOCATION—MITIGATION OF COMPENSATORY DAMAGES.
     Where plaintiff provoked an assault by publishing in his newspaper
     articles derogatory to defendant, evidence of such provocation was ad-
     missible in mitigation of both exemplary and compensatory damages,
     though it did not justify assault.
         Parker, P. J., dissenting.

On rehearing.  Reversed.
For former opinion, see 77 N. Y. Supp. 679.
Argued before PARKER, P. J., and SMITH, KELLOGG,
CHASE, and CHESTER, JJ.

CHESTER, J.  This court, after deciding the appeal herein, grant-
ed a motion for a reargument.  The principal question urged upon
the attention of the court upon the reargument was as to whether or
not the learned justice who presided at the trial erred in refusing to
charge the jury that evidence of provocation by the plaintiff might be
considered in mitigation of actual and compensatory damages.  The
defendant had an exception to this refusal.  When the case was
originally argued, counsel did not call the attention of the court to the
case of Kiff v. Youmans, 86 N. Y. 324, 40 Am. Rep. 543, nor was
any emphasis given to the distinction between the application of
provocation in mitigation of punitive damages and of its application
in mitigation of actual damages.  The question raised by defendant's
exception above mentioned was not considered by the court in de-
ciding the appeal, as appears by the opinion then handed down, which
is reported in 75 App. Div. 195, 77 N. Y. Supp. 679.  The case of
Kiff v. Youmans, supra, like this, was one for an assault and battery.
The assault in that case was committed while the plaintiff was a tres-
passer upon the defendant's premises, and the defendant used more
force than was necessary in ejecting him therefrom.  The court
charged the jury that, in case they found the defendant's acts were
wanton and malicious, they might, in addition to the compensatory
damages, return a sum by way of punitive or exemplary damages.
The plaintiff had a verdict.  The judgment on the verdict was affirmed
by the general term, but was reversed by the court of appeals.  Judge
Danforth, who wrote the opinion in the latter court, says (page 330, 86
N. Y., 40 Am. Rep. 543):

"It still remains that the plaintiff provoked the trespass; was himself
guilty of the act which led to the disturbance of the public peace.  Although
this provocation fails to justify the defendant, it may be relied upon by him
in mitigation even of compensatory damages.  This doctrine is as old as the
action of trespass, and is correlative to the rule which permits circumstances
of aggravation, such as time and place of an assault, or insulting words, or
other circumstances of indignity and contumely, to increase them.  * * *
If the injury of which he complains came in part from his own act, there is
less reparation demanded from the defendant, for the law seeks to do justice

¶ 1. See Assault and Battery, vol. 4, Cent. Dig. § 48.

between the parties, and will not require one to atone for the other's error. If satisfaction is to be made for the breach of public order, it is not due to him, for his own wrong is the consideration upon which it stands, and for that he cannot be allowed to profit; otherwise he would receive compensation for damages occasioned by himself."

He cites with approval the case of Robison v. Rupert, 23 Pa. 523. That was a case where the plaintiff was shot when, with others, he was annoying and disturbing the defendant, and after he had been warned to desist. The court charged the jury "that these circum- stances should go in mitigation of exemplary damages, but that the plaintiff was entitled to full compensation for all his sufferings, losses, and expenses, notwithstanding the character of the provocation by which he drew them on himself." The plaintiff had a verdict, and upon error brought by defendant the court reversed the judgment, saying, "Where there is a reasonable excuse for the defendant arising from the provocation or fault of the plaintiff, but not sufficient en- tirely to justify the act done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages." The reason for this doctrine is well stated by Sedgwick in his well- known work on Damages (7th Ed., vol. 2, p. 521, note "b"), as fol- lows :

"The distinction as to the effect of mitigating circumstances on actual and on exemplary damages is that, when the excusing or palliating circumstances involve no fault of the plaintiff, they may prevent exemplary damages, and limit the recovery to actual compensation. When there is a reasonable excuse for the defendant, arising from the provocation or fault of the plaintiff, but not sufficient entirely to justify the act done, the circumstances of mitiga- tion must be applied to the actual damages. If it were not so, the plaintiff would get full compensation for damages occasioned by himself. This rule ought to be, and is practically, mutual. Malice and provocation in the de- fendant are punished by inflicting damages exceeding the measure of com- pensation, and in the plaintiff by giving him less than that measure."

There is some conflict of authority between the courts of the differ- ent states upon this question. One or two, notably Vermont (Gold- smith's Adm'r v. Joy, 61 Vt. 488, 17 Atl. 1010, 4 L. R. A. 500, 15 Am. St. Rep. 923) and Illinois (Donnelly v. Harris, 41 Ill. 126), have held that provocation can be considered only in mitigation of punitive damages. But I think the rule is otherwise in this state, and that the principle stated in Kiff v. Youmans must be followed here.

The respondent endeavors to distinguish the case at bar from that case, claiming that there the only question was whether punitive dam- ages were lawfully allowed, which is not the question here; but I think in another respect the cases are alike in principle. The plaintiff here was the editor of a newspaper. The defendant was president of the village of Waverly, where both resided. The defendant testified that on the same day, and prior to the assault, he had read some articles in plaintiff's newspaper severely criticising him, and that they made him very angry. If this evidence is true, it showed that the plaintiff here, like the plaintiff in the Kiff Case, was at fault, and that the articles were the cause of the defendant's anger at the time of the assault. If defendant's anger at that time was in fact provoked by plaintiff, the cases are not fairly to be distinguished in that respect. I think that under the authority of the Kiff Case the court erred in

not permitting the jury to take the circumstances proven in mitigation by the defendant in reduction of actual or compensatory damages as well as of punitive damages, and for this reason the judgment must be reversed. This conclusion renders the consideration of other questions unnecessary.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur, except CHASE, J., who concurs in result, and PARKER, P. J., who dissents.