carried out by these defendants by virtue of their respective legal suc-
cessions and their individual agreements.

But if it be further contended that there are causes of action against
the defendants individually and as representatives, the answer is that
section 1815 of the Code of Civil Procedure permits this, provided the
causes arise out of transactions connected with the same subject-
matter. I have heretofore attempted to show that such is the case.
So far as the defendant Mr. Sweeney is concerned, it is alleged that
he is the executor of the said Mr. George S. Wheeler (who was execu-
tor of both Mr. A. S. Wheeler and Mrs. Nancy B. Wheeler), who
continued the business after her death, both as her executor and per-
force of his individual agreement with the plaintiff. In equitable
actions, the causes of action are not required "to affect all of the
defendants to the same extent or in the same way." Gray v. Fuller,
17 App. Div. 29, 35, 44 N. Y. Supp. 887. The causes of action do
not require a different mode of trial, forasmuch as they all center
around an accounting for a specific investment in a particular business,
and they are not inconsistent in that the defendants may have con-
ducted the business either in their representative or their individual
capacity.

The interlocutory judgment should be reversed, and the demurrer
overruled, with costs, with leave to the defendants to plead. All
concur.

---

(89 App. Div. 486.)

FREEDMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. CARRIERS—ASSAULT ON PASSENGER—DAMAGES—MITIGATION—INSTRUCTIONS.
    In an action against a street railway for an assault by a conductor,
    where the court instructed in the main charge that provocation by plain-
    tiff might be considered in mitigation of damages, but subsequently re-
    fused to charge, at defendant's instance, that the jury might render nom-
    inal damages if plaintiff aggravated the conductor into an assault, and
    on the contrary stated that the plaintiff was entitled to recover actual
    compensation, however much the conductor might have been irritated
    by plaintiff, the subsequent language of the charge being controlling on
    the jury, the charge was error.

Appeal from Trial Term, Kings County.

Action by Goodman Freedman against the Metropolitan Street Rail-
way Company. From a judgment for plaintiff, and from an order
denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD,
HIRSCHBERG, and HOOKER, JJ.

Bayard H. Ames (Arthur Ofner, on the brief), for appellant.
W. H. Burby, for respondent.

HOOKER, J. The plaintiff has had the verdict of the jury against
the defendant for a considerable sum as damages for an assault com-
mitted upon him by the conductor of one of the defendant's street
cars while he was a passenger thereon. From the judgment entered

upon the verdict, and from an order denying defendant's motion for a new trial, defendant has appealed to this court.

The story of plaintiff's witnesses, which the jury has believed, is that he and his wife, about midnight, boarded one of the defendant's open cars at the corner of Pitt and Houston streets, in the borough of Manhattan, and selected one of the rear seats; that the car was without passengers save the plaintiff and his wife, and the conductor was sitting in one of the seats near the middle of the car; that, as soon as the plaintiff and his wife sat down, the conductor addressed to them vile and blasphemous language, and wanted to know why they did not take front seats; that plaintiff replied he wished to smoke, and had taken a rear seat for that purpose, whereupon the conductor continued his abusive conduct; that the plaintiff gently remonstrated, and requested him to pay more respect to the lady who was with him, in answer to which the conductor turned over the back of the seat immediately in front of the plaintiff and his wife, and there sat down, facing the plaintiff, putting his feet on the other seat, interfering with plaintiff's wife's clothing; that the conductor continued to insult the plaintiff, and although requested, after he had collected his fares, to retire, he laid his hands on the plaintiff's face, with the suggestion that the plaintiff shave, and, when plaintiff endeavored to remove his hands, he was struck a blow in the mouth by the conductor, which knocked out several of his teeth. The testimony of one of the defendant's witnesses tended to show that the plaintiff and his wife looked "as though they might have had a few drinks"; they were scrappy, so to speak; they looked as though they were having a good time; that at the time of the altercation all three persons were standing together in the aisle with their hands in the air, and plaintiff aimed a blow at the conductor, who threw up his elbow to ward it off. Another witness testified that the wrangling continued for five or ten minutes, when the plaintiff stood up and made a strike at the conductor, who threw up his arms to fend off the blow. In the course of the charge, the learned court said to the jury:

"Now, if a man strikes you, it is your business to go away and not strike him back; but if you do hit him back, the law makes excuses for you by mitigating damages. But unless it is fairly done in self-defense, it is not justified; it is not excused absolutely; there still is a cause of action for it, and the only question would be how far the circumstances ought to mitigate the damages; and it is almost instinctive in every man to make allowances if one strikes after he has been hit himself. But while there is that tendency to make allowances, it does not go to the extent of justifying the blow or wholly excusing it; it only goes to the mitigation of damages."

At the close of the charge defendant's counsel asked the court to say to the jury "that if the plaintiff and his wife, by their course of conduct towards the conductor, aggravated the conductor into an assault, the jury may in such case render nominal damages." This the court declined to do, saying that the plaintiff, if entitled to recover at all, was entitled to recover compensation for his actual injuries. Defendant excepted. The court then charged further, as follows:

"If this were a case where punitive damages could be added to actual compensation, then, in determining whether you would punish the defendant or not, you might take all that into account, but not here. The plaintiff is

entitled to recover actual compensation for his injuries, however much the conductor may have been irritated by the conduct of the plaintiff, unless it was accidental or in self-defense."

The defendant again excepted.

Although in the body of the charge, in the language quoted, the court announced the correct rule as to the mitigation of compensatory damages, he clearly and unequivocally recanted the proposition by his language in refusing the defendant's request, and in his supplementary remark thereupon he adopted the view that, though the conduct of the plaintiff was such as to aggravate the conductor into an assault, the jury were not entitled to take that conduct into consideration to mitigate compensatory damages; that such mitigation for that reason could only be had where punitive or exemplary damages were sought. The jury were bound by the latter charge; for, where a charge made at the request of a party at the close of the main charge is inconsistent with the latter, the subsequent language should control the jury. Goetz v. Metropolitan Street R. Co., 54 App. Div. 365, 369, 66 N. Y. Supp. 666. The final instruction of the learned trial judge is not supported by the authorities. While the court was perhaps not called upon to decide this question in Kiff·v. Youmans, 86 N. Y. 324, 40 Am. Rep. 543, Danforth, J., considered it, and collated the authorities in these words:

"It still remains that the plaintiff provoked the trespass—was himself guilty of the act which led to the disturbance of the public peace. Although this provocation fails to justify the defendant (2 Greenl. Ev. § 98), it may be relied upon by him in mitigation, even of compensatory damages. This doctrine is as old as the action of trespass (Avery v. Ray, 1 Mass. 12; Richardson v. Hine, 42 Conn. 206; Thomas v. Powell, 7 Carr. & P. 807; Lee v. Woolsey, 19 Johns. 319 [10 Am. Dec. 230]; Corning v. Corning, 6 N. Y. 103; Cushman v. Ryan, 1 Story, 100 [Fed. Cas. No. 3,515]), and is correlative to the rule which permits circumstances of aggravation, such as time and place of an assault, or insulting words, or other circumstances of indignity and contumely, to increase them. 2 Greenl. Ev. § 267. A different rule is suggested in Birchard v. Booth, 4 Wis. 67, but in the later case of Morely v. Dunbar, 24 Wis. 183, the same court repudiates it, and declares that circumstances of provocation attending the transaction, or so recent as to constitute a part of the res gestæ, though not sufficient entirely to justify the act done, may constitute an excuse which will mitigate the actual damages, and even reduce them to a sum which is merely nominal; while Robison v. Rupert, 23 Pa. 523, lays down a rule not only supporting the same proposition, but quite applicable to the facts of this case."

That case has been cited in this court, which has recognized the authority of the conclusions reached by Judge Danforth upon this question. Genung v. Baldwin, 77 App. Div. 584, 79 N. Y. Supp. 569.

It is urged by the respondent that the case of Weber v. Brooklyn, Q. C. & S. R. R. Co., 47 App. Div. 306, 62 N. Y. Supp. 1, is authority to sustain the theory adopted by the trial court of this case. In this we are unable to concur. Mr. Justice Willard Bartlett, expressing the opinion of the court in the Weber Case, quotes from the charge there as follows:

"If you find that his conduct was insulting, his language indecent and provoking, you may take that into consideration in mitigation of damages, if you find that he did not assault the conductor."

The appellant in that case urged this was error, but the record disclosed no exception to the sentence thus quoted, and the court in deciding that appeal did not express any opinion whatever in relation to that portion of the charge.

Inasmuch as the plaintiff has had a verdict of considerable size for injuries inflicted upon him, we cannot say that the rule as announced by the court in relation to mitigation of damages had no influence upon the jury.

For the error pointed out, the judgment and order should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.