MARY MOORE, Respondent, v. CRESTWOOD MANOR, INCORPORATED, Appellant.— In an action to recover damages for personal injury, defendant appeals from a judgment in favor of plaintiff, entered on a jury verdict. The accident occurred when plaintiff, the mother of the secretary of defendant, which conducted a convalescent home, fell while descending a short, unlighted stairway, not provided with a handrail, leading from a landing at the foot of another stairway to a foyer on the first floor of the building. There was evidence from which the jury might have determined that plaintiff was an invitee, or that she was a social guest, and that it was customary to maintain a light at all times of the day and night, at the foot of the stairway on which the accident occurred. The electric bulb in the lighting fixture had burned out prior to the accident and defendant had notice of that fact. The jury was instructed in the main charge that plaintiff was an invitee and that defendant owed her a duty of reasonable care in the maintenance of the premises. Later, pursuant to requests to charge, the jury was instructed that defendant owed no higher degree of care than a reasonably prudent person would exercise toward a social guest, and that the nature of defendant's business could not be taken into consideration in considering the degree of care owed by defendant. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Although there was no exception to the charge and the learned Trial Justice obviously did not intend to charge the rules of law applicable to both situations, we are unable to determine from the record presented the rule of law which governed the determination by the jury, or the meaning ascribed by the jury to the conflicting portions of the instructions given. Under such circumstances, a new trial is required in the interest of justice. (Cf. *Freedman* v. *Metropolitan St. Ry. Co.*, 89 App. Div. 486; *Johnson* v. *Blaney*, 198 N. Y. 312; *Clarke* v. *Schmidt*, 210 N. Y. 211, and *Schafer* v. *Norwood Equipment Corp.*, 277 App. Div. 933.) We are unable to determine on the present record that there was no evidence of negligence by defendant, if plaintiff was an invitee, or that plaintiff was guilty of contributory negligence as a matter of law. Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ., concur.