Lawrence H. Cooke, J.
In this matter in which there are asserted two causes of action based upon an alleged assault and battery, plaintiff moves for summary judgment.
Summary judgment is now available to every party involved in any type of civil action without limitation except that in matrimonial actions only the party against whom matrimonial relief is sought may move for a summary disposition (Buies Civ. Prac., rule 113). On a motion for summary judgment, the court must search the proof as proffered by affidavits or otherwise to ascertain whether it discloses a real issue, a triable issue, rather than a formal, feigned, perfunctory or shadowy one and, if there be in truth nothing to be tried, summary judgment shoidd be granted (Schillinger v. North Hills Realty Corp., 15 A D 2d 539; Di Sabato v. Soffes, 9 A D 2d 297, 300).
An assault is an unlawful offer or attempt with force or violence to do corporal hurt to another and when combined with *221 an actual use of force constitutes assault and battery (Pope v. State of New York, 192 Misc. 587, 593, affd. 277 App. Div. 1015; Clayton v. Keeler, 18 Misc. 488). Plaintiff has made an evidentiary showing of an assault and battery. The answer herein contains two affirmative defenses, one of justification in that it is alleged in effect that the defendant acted in self-defense and the other of provocation. It is elementary to state that justification and provocation are not the same.
Justification in the way of self-defense may be a defense in an action for assault and battery but only to the extent made necessary to an innocent party because of an attack (Van Vooren v. Cook, 273 App. Div. 88, 92), said rule being subject to the fundamental limitation that in protecting oneself no more force is permissible than will reasonably effect such protection (Zannone v. Pollino, 155 N. Y. S. 2d 836, 838; Curtis v. Kozeluh, 50 N. Y. S. 2d 883, 885). It has been stated that such justification exists only where the person attacked had a fear of bodily injury from an apparent danger (3 N. Y. Jur., Assault and Battery, § 9, p. 236; see, also, 25 A. L. R. 2d 1215). But here, defendant has produced no evidentiary showing of an attack by plaintiff or of fear of bodily injury from an apparent danger. No proof showing an overt act of hostility on the part of plaintiff has been furnished. Upon a proper showing by a plaintiff, a defendant’s duty in a motion under rule 113 is set forth in Dwan v. Massarene (199 App. Div. 872, 880): “ The defendant must show that he has a bona fide defense to the action, one which he may be able to establish. It must be a plausible ground of defense, something fairly arguable and of a substantial character. This he must show by affidavits or other proof. He cannot shelter himself behind general or specific denials, or denials of knowledge or information sufficient to form a belief. He must show that his denial or his defense is not false and sham, but interposed in good faith and not for delay.”
It has been held that no provocative act, conduct, insult or word, if unaccompanied by an overt act of hostility, will justify an assault, no matter how offensive or exasperating they may be (Brown v. State of New York, 24 Misc 2d 358, 365; Curtis v. Kozeluh, 50 N. Y. S. 2d 883, 885, supra). Words, no matter how coarse and abusive, never justify a physical assault (Matter of Levy v. World-Telegram, 255 App. Div. 237, 238-239). However, the courts have been consistent in permitting a defendant to show in mitigation of damages .that the plaintiff provoked the assault for which he demands a recovery (Kiff v. Youmans, 86 N. Y. 324, 330; Voltz v. Blackmar, 64 N. Y. 440, 444-445; Genung v. Baldwin, 77 App. Div. 584, 587; Freedman v. Metro *222 politan St. Ry. Co., 89 App. Div. 486) providing the provocation be so recent and immediate as to induce a presumption that the violence was committed under the immediate influence of the passion thus wrongfully excited by the plaintiff (Corning v. Corning, 6 N. Y. 97, 103).
Defendant’s affidavit does not meet the requirement of setting forth evidentiary facts such as to defeat the action on the question of liability (Hanna v. Mitchell, 202 App. Div. 504, 514-517, affd. 235 N. Y. 534; Katsoris v. Durham House, 278 App. Div. 608; Metropolitan Fuel Distrs. v. Coogan, 277 App. Div. 138). On said question there is no real, triable issue presented.
Motion granted. Submit order, on notice of two days, providing for hearing before the court and jury at the next Trial Term in Ulster County to assess damages. (See Rules Civ. Prac., rule 113, subd. 3.)