■ PAT HARTLY, INC., Respondent, v. AMERICAN RECIPROCAL INSURERS et al., Appellants.— Judgment in the amount of $60,818.68 pursuant to jury verdict in favor of plaintiff insured on fire insurance policy, unanimously reversed and verdict vacated, on the law, with costs to abide the event, and a new trial ordered. The instruction to the jury concerning fraud and false swearing by plaintiff in presenting the claim was insufficient. Included in defendants' written requests to charge were several which in substance presented the language of the policy provision, its applicability to the case, and stated that knowing material misrepresentation of the extent of damage to induce an excessive payment by defendants would necessitate a verdict for defendants. Yet the trial court merely read the policy provision and stated, negatively, that "The misstatement must be false and fraudulent before it [the policy] can be held to be void." The issue was of central importance, and the jury should have been affirmatively instructed in substance that the policy provision was applicable and that the verdict should be for defendants if there had been a material fraud by plaintiff in presenting the claim (see, e.g., *Domagalski* v. *Springfield Fire & Mar. Ins. Co.,* 218 App. Div. 187, 189–190). Also, the charge was erroneous because it was ambiguous and contradictory as to the measure of damages (cf. *Moore* v. *Crestwood Manor,* 286 App. Div. 851; *Schafer* v. *Norwood Equip. Corp.,* 277 App. Div. 933). In its main charge the court correctly instructed that the measure of damages was the difference between the market value of the goods immediately before and after the fire (see *Molot, Inc.* v. *Commonwealth Ins. Co.,* 10 A D 2d 683; 13 N. Y. Jur., Damages, § 96). However, at plaintiff's request the court later charged that "the measure of the plaintiff's damage * * * is the cost of manufacture to the plaintiff." There was evidence that the goods had lost value through age. If so, the cost of manufacture may have exceeded market value before the fire. Therefore the later instruction was not only ambiguous, but erroneous and contradictory if interpreted as stating that the measure of damages is the difference between the cost of manufacture and the market value after the fire. Concur— Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.