■ RICHARD E. CARROLL et al., Appellants, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent. — Order, Supreme Court, New York County (Helman, J.), entered October 14, 1981, denying plaintiffs' motion for partial summary judgment on liability only, unanimously modified, on the law, with costs and disbursements, to the extent of dismissing the complaint, and, except as thus modified, affirmed. Almost immediately after the settlement of an action brought by a corporation to recover for a loss under a fire policy, the sole shareholders, officers and directors of the corporate insured commenced the present action, alleging the commission of intentional torts by defendant, its officers and attorneys during the course of the investigation of the fire claim and in the prior judicial proceeding. Six causes of action are stated: abuse of process; malicious prosecution; assault; violation of human and civil rights; prima facie tort and one for punitive damages. Essentially, plaintiffs claim that defendant, in an attempt to evade payment of the fire claim, resorted to intimidating and coercive tactics, including an accusation of arson. It is undisputed that the fire was of an incendiary origin. Special Term correctly denied plaintiffs' motion for partial summary judgment on liability, since issues of fact exist, at least as to whether defendant committed the acts charged. The charge of arson, made during the course of a judicial proceeding, was absolutely privileged. (*Martirano v Frost,* 25 NY2d 505.) Special Term, however, should have gone further and dismissed the complaint since, quite apart from the serious question as to plaintiffs' standing even to maintain this action, they were not parties to the prior litigation and had no rights under the policy. All of the causes of action are insufficient and without basis, as a matter of law. On a motion for summary judgment, a court is empowered to search the record, even in the absence of a cross motion. (See *Jelinek v City of New York,* 25 AD2d 425; see, also, *Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363; CPLR 3212, subd [b].) This power is extended to an appellate court. (*Davis v Shelton,* 33 AD2d 707.) Aside from whatever other failings it may have, the cause of action for abuse of process is defective since defendant did not issue any process or commence any action. (See *Board of Educ. v Farmingdale Classroom Teachers' Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 404.) For the same reason the remedy of malicious prosecution does not lie; moreover, the prior action did not terminate in plaintiffs' favor. (See *Pagliarulo v Pagliarulo,* 30 AD2d 840.) Threats, standing alone, do not constitute an assault. (See *Prince v Ridge,* 32 Misc 666; 6 NY Jur 2d, Assault-Civil Aspects, § 3, p 196.) The cause of action for violation of civil rights is identified, for the first time, on appeal, as a purported violation of section 1983 of title 42 of the United States Code. To maintain such a cause of action, plaintiffs must allege conduct which is performed under color of State law and deprives the plaintiff of a right, privilege or immunity secured by the United States Constitution. No such conduct is shown here. The claim of prima facie tort fails also, since that cause of action merely reiterates the allegations set forth in the previous causes of action, which are meritless. "The minimal requirements of a cause of action for malicious prosecution or abuse of process cannot be bypassed merely by the expedient of labeling the cause of action as one in prima facie tort". (*Porterfield v Saffan,* 7 AD2d 987). "Where specific acts, recognized as tortious in the law, are asserted, the remedies lie only in the classic categories of tort." (*Ruza v Ruza,* 286 App Div 767, 769, republished 1 AD2d 669.) Moreover, a cause of action for prima facie tort cannot be sustained absent an allegation of special damages. (*Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915.) None are alleged or demonstrated here. Finally, it is well

settled that a claim of punitive damages will not stand as a separate cause of action since it constitutes only an element of damages on an underlying cause of action. (*APS Food Systems v Ward Foods,* 70 AD2d 483, and cases cited therein.) Concur — Sullivan, J. P., Carro, Silverman and Milonas, JJ.