**Michael ROTH and Susan Roth, Plaintiff,**

v.

**EL AL ISRAEL AIRLINES, LTD. and Lawrence Schlussel, Defendants.**

**No. 88 CIV. 2974 (SWK).**

United States District Court, S.D. New York.

April 5, 1989.

---

1. *See* Letter to the Court from David W. Denton, Chief, Criminal Division, U.S. Attorney's Office,

Southern District of New York.

Abraham, Silver and Rosenberg by Herbert J. Silver, New York City, for plaintiff.

Condon and Forsyth by Lawrence Mentz, New York City, for defendant, El Al Israel Airlines.

Leahey and Johnson, P.C. by Kelly Ann Fields, New York City, for defendant, Lawrence Schlussel.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiffs bring this action seeking damages for alleged torts committed by defendants on an El Al flight from Tel Aviv, Israel to New York City. Defendant Lawrence Schlussel ("Schlussel") has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) on the basis that the Court lacks personal jurisdiction. Plaintiff, along with defendant El Al Airlines, Ltd. ("El Al"), oppose the motion. In short, Schlussel, a Michigan resident, contends that long-arm jurisdiction under New York's Civil Practice Laws and Rules ("CPLR") § 302(a) is lacking because plaintiffs have not claimed either that the alleged tort occurred in New York or that

any reasonably foreseeable injury occurred in New York.

## BACKGROUND

This action, originally filed in state court, was removed to this Court pursuant to 28 U.S.C. § 1441(d) by petition of defendant El Al, on the grounds that El Al was a foreign state as defined in 28 U.S.C. § 1603(a). Although denominated and argued in the papers as a Rule 12(c) motion, each side has submitted affidavits, which if considered by the Court, transforms the motion into one for summary judgment under Fed.R.Civ.P. 56. The Court will consider the affidavits and will thus apply the standards for summary judgment. Plaintiffs are residents of New Jersey and Schlussel is a resident of Michigan. The Roths and Schlussel were passengers on El Al flight 001 from Tel Aviv to New York on January 3, 1988. Prior to boarding, plaintiffs informed El Al that their daughter required special seating because she recently had surgery on her leg and needed space to extend her it. Plaintiffs then learned that Schlussel had made special arrangements with El Al that interfered with the seating arrangements plaintiffs had made. When plaintiffs informed Schlussel of their own special seating arrangements, Schlussel allegedly abused plaintiffs verbally, shouted profanities at Michael Roth and began to push and shove him. Schlussel also allegedly made derogatory remarks to Susan Roth. Plaintiffs also allege that Schlussel made threatening and profane gestures to plaintiffs during much of the flight. In an affidavit, Susan Roth explains that, although the pushing, shoving, cursing and threatening acts occurred in Tel Aviv, Schlussel continued to make threatening remarks during the course of the flight, up to and including the landing at Kennedy Airport in New York.

Schlussel states in his affidavit that, prior to boarding, he noticed a woman screaming at an El Al reservation clerk. When he boarded the plane, he found that this same woman was seated in his assigned seat, and he asked her to remove herself from his seat. A dispute then arose between Schlussel and Susan Roth, but it lasted only five minutes, before the plane left the ground. He stresses that he had no other contact with the Roths during the rest of the thirteen hour flight, including the landing in New York.

## DISCUSSION

■ As a preliminary matter, plaintiffs argue that New York law does not necessarily apply in determining the personal jurisdiction issue. The Court disagrees. The only basis for subject-matter jurisdiction over defendant Schlussel is diversity of citizenship. When diversity is the basis of jurisdiction, the Court will apply the law of the forum state in determining personal jurisdiction questions. *CutCo Industries, Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985). The Court will therefore apply New York's personal jurisdiction law. In addition, the Court's exercise of personal jurisdiction must comport with due process. *Peters Griffin Woodward, Inc.,* 545 F.Supp. 288, 289 (S.D.N.Y.1982) (citing *Intermeat, Inc. v. American Poultry, Inc.,* 575 F.2d 1017 (2d Cir.1978)). New York's long-arm statute does not extend to the full constitutional limits. *Interface Biomedical Laboratories Corp. v. Axiom Medical, Inc.,* 600 F.Supp. 731, 734 n. 3 (E.D.N.Y. 1985); *Banco Ambrosiano S.p.A. v. Artoc Bank & Trust, Ltd.,* 62 N.Y.2d 65, 476 N.Y.S.2d 64, 67, 464 N.E.2d 432 (1984).[1]

Since the Court is deciding this motion on submission, plaintiff need only make a prima facie showing by its pleadings and affidavits that personal jurisdiction exists. *CutCo Industries, supra,* 806 F.2d at 365 (citing *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981)). Plaintiff will nonetheless have the burden of establishing personal jurisdiction at trial by a preponderance of the evidence. *Id.*

---

**1.** Since CPLR § 302 does not provide jurisdiction to the extent allowed by the Constitution, it follows that satisfaction of § 302(a)(2), the commission of a tort within the state, as is alleged here, would provide the necessary contact with the forum state to comport with due process.

Since this motion is one for summary judgment, judgment is not appropriate if genuine issues of material fact are in dispute. Rule 56(c). All doubts will be resolved in favor of plaintiffs. *See Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir. 1987) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *CutCo Industries, supra*, 806 F.2d at 365. Judgment for defendant is not appropriate if a reasonable jury could determine that plaintiffs have made a prima facie showing that personal jurisdiction exists based on the undisputed facts, with all inferences taken in plaintiffs' favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986).

█ Plaintiffs argue that personal jurisdiction is present because Schlussel committed a tort in New York state, citing CPLR § 302(a)(2), which states:

As to a cause of action from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his agent or administrator, who in person or through an agent:

\* \* \* \* \* \*

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act,....

Plaintiffs must therefore make a prima facie showing that (1) Schlussel committed a tortious act, and (2) that he committed the tortious act while physically present in New York. *Paul v. Premier Elec. Co.*, 576 F.Supp. 384, 389 (S.D.N.Y.1983) (defendant must be physically present in New York under § 302(a)(2), which is strictly construed). Section 302(a)(2) requires that the tort be committed in New York and defendant must actually be in New York when the tort is committed. *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1053 (S.D.N.Y.1987) (citations omitted).

█ Plaintiffs seek to base personal jurisdiction on the alleged fact, contested by Schlussel, that Schlussel's harassing behavior in the form of threatening remarks and gestures continued on the flight through the time of landing. Plaintiffs do not define the cause of action for which they seek recovery against Schlussel. The Court must decide whether making threatening remarks and gestures constitutes a cause of action in tort for the purposes of CPLR § 302(a)(2), since these acts are the only ones alleged to have occurred in New York. Plaintiffs have not alleged a cause of action for prima facie tort since they have not alleged special damages. *See Zucker v. Katz*, 708 F.Supp. 525, 536 (S.D. N.Y.1989) (citing *Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 520 N.Y.S.2d 764, 767 (1st Dept.1987); *see also Chen v. United States*, 854 F.2d 622, 627 (2d Cir. 1988) (citation omitted) (listing elements of prima facie tort). Plaintiffs may have stated a claim for intentional infliction of emotional distress, which requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir.1985). Plaintiffs must allege that they suffered severe emotional stress and a causal connection between the outrageous behavior and their injuries. *Bower v. Weisman*, 639 F.Supp. 532, 541 (S.D.N.Y.1986) (citations omitted). New York law does not provide a remedy for "all activity which an individual may find annoying", but only provides a remedy "where severe mental anguish is inflicted through a deliberate and malicious campaign of harassment". *Belanoff v. Grayson*, 98 A.D.2d 353, 471 N.Y.S.2d 91, 94 (1st Dept.1984). The Court concludes that plaintiffs have not stated a cause of action for intentional infliction of emotional distress based on the conduct alleged to have occurred in New York. Making unspecified threatening remarks or gestures, without more, certainly is not the type of behavior contemplated. As one New York court has stated it:

the law does not fasten liability on mere threats, annoyances or petty oppressions or other trivial incidents which must necessarily be expected and are incidental to modern life no matter how upsetting. It is only when the conduct complained of is of such a character as to exceed all

bounds usually tolerated by society or is extreme and outrageous that the law will recognize it as an actionable tort [for intentional infliction of emotional distress].

*James v. Saltsman*, 99 A.D.2d 797, 472 N.Y.S.2d 129, 132 (2d Dept.1984).

 Finally, the Court considers the possibility that Schlussel's actions in New York constitute the tort of assault. Plaintiff need not plead physical injury, but only a "grievous affront or threat to the person". *Reichle v. Mayeri*, 110 A.D.2d 694, 488 N.Y.S.2d 15, 16 (2d Dept.1985). On the other hand, threats, standing alone, do not constitute an assault. *Carroll v. New York Property Ins. Underwriting Assoc.*, 88 A.D.2d 527, 450 N.Y.S.2d 21, 22 (1st Dept.1982). An assault has been defined as "an unlawful offer or attempt with force or violence to do corporal hurt to another …" *Decker v. Werbenec*, 36 Misc.2d 220, 232 N.Y.S.2d 260, 262 (Sup.Ct.1962). Plaintiff has alleged an assault. Although mere gestures alone certainly would not constitute an assault, the threats in combination with the events preceding the threats, namely shouting, pushing and tripping, in sum sufficiently allege an assault. Schlussel's past conduct, as alleged, made the alleged threats real and imminent. At the very least, plaintiffs have made presented genuine issues as to whether Schlussel committed a tortious act while physically present in New York, thus demonstrating a prima facie case of personal jurisdiction under CPLR § 302(a)(2).

## CONCLUSION

Plaintiffs have alleged a prima facie case of personal jurisdiction by alleging that defendant Schlussel committed an assault while in New York. The Court finds that there is a genuine issue as to whether or not Schlussel committed the tort of assault while in New York, thus making summary judgment inappropriate. Schlussel's motion is thus denied.

SO ORDERED.