**Howard REISS, Plaintiff,**

v.

**Alan A. STEIGROD, Defendant.**

**No. 93 Civ. 7537.**

United States District Court, S.D. New York.

Sept. 30, 1994.

748

Feiden, Dweck & Sladkus, New York City (Jack S. Dweck, Stuart M. Dweck, Richard A. Hubell, Steven D. Sladkus, of counsel), for plaintiff.

Proskauer Rose Goetz & Mendelsohn, New York City (Donald W. Savelson, Michael H. Roffer, of counsel), for defendant.

## OPINION AND ORDER

SOTOMAYOR, District Judge.

In this diversity action, defendant moves, pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure, to dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. Because I find that plaintiff has not met his burden of proffering sufficient facts to establish this court's personal jurisdiction over the defendant, I will not address the motion to dismiss for failure to state a claim.

## BACKGROUND

Plaintiff Howard Reiss, a New York resident, is a former employee of both Rolf W. Rosenthal, Inc. ("RWR") and World Health Communications, Inc. ("WHC"). RWR and WHC are organizations involved in the medical and pharmaceutical fields, and share a parent company, Nelson Communications, Inc.

Defendant Alan A. Steigrod, a California resident who is sued in this action in his

individual capacity, is President and Chief Executive Officer of Cortex Pharmaceuticals, Inc., located in Irvine, California.

In May 1992, RWR and WHC commenced a lawsuit (the "RWR lawsuit") in the New York Supreme Court against plaintiff, alleging that he had unlawfully misappropriated revenues, confidential business information and goodwill associated with clients of RWR and WHC. Plaintiff claims that the RWR lawsuit against him resulted from false and misleading statements made by defendant in Pennsylvania and repeated in a deposition held in New York in the RWR lawsuit. Plaintiff further alleges that defendant's false statements have seriously impaired plaintiff's standing in his business community in New York. Plaintiff has instituted the present suit against defendant, alleging tortious interference with business relations.

In the instant motion, defendant maintains that plaintiff's Complaint sets forth a defamation claim, and that such claim is time barred by New York's one-year statute of limitations. Defendant also argues that because he is a California resident who does no personal business in New York, and because the alleged tort in this action occurred in Pennsylvania, not New York, this court has no personal jurisdiction over him. I agree with defendant's personal jurisdiction challenge.

## DISCUSSION

In a diversity action, personal jurisdiction is determined according to the law of the forum. *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir.1963) (en banc). Under New York law, the plaintiff bears the burden of establishing jurisdiction over the defendant, which burden varies depending on the procedural posture of the litigation. *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990). In the preliminary stages of a litigation, the plaintiff must simply make a prima facie showing of personal jurisdiction. After discovery has been conducted, the issue of personal jurisdiction must be established by a preponderance of the evidence. Bare allegations of jurisdiction will not suffice after discovery. *Ball*, 902 F.2d at 197, *United Bank*

*of Kuwait, v. James M. Bridges, Ltd.*, 766 F.Supp. 113, 115 (S.D.N.Y.1991).

The Court permitted plaintiff discovery concerning the personal jurisdiction issues in this case. Having deposed defendant in the RWR lawsuit, plaintiff elected not to conduct any further discovery before filing his answer to defendant's motion to dismiss. The Court cautioned plaintiff that he would be bound to the higher standard of proof required of a plaintiff after discovery and recommended that he reconsider conducting further discovery before answering the motion to dismiss. Plaintiff refused the opportunity to do so, maintaining that he had all of the proof necessary to establish personal jurisdiction. Plaintiff, however, has failed to meet his burden of proof not only by a preponderance of evidence, he has also failed to make out even a prima facie case of personal jurisdiction.

Plaintiff claims that defendant is subject to jurisdiction in New York pursuant to C.P.L.R. § 302(a)(1), (2) and (3). I will discuss each of these subsections in turn.

Under § 302(a)(1), a nondomiciliary is subject to personal jurisdiction in New York if he or she "transacts any business within the state or contracts anywhere to supply goods or services in the state." The Court of Appeals of New York has interpreted § 302(a)(1) to require not only that the nondomiciliary transacts business in the state, but also that the cause of action arises from the business transactions. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321 (1981)). Plaintiff bases his contention that defendant transacts business in New York solely on two ambiguous statements defendant made when deposed in the RWR lawsuit. When describing meeting someone in New York for a drink, defendant stated, "I am in New York a lot." Nowhere in the deposition was defendant asked the purpose of his trips to New York. Later in the deposition, defendant mentioned that he had one telephone conversation with an employee of a New York business, in which he "asked him for some information on one of the companies he was working with for one of the companies I was working with."

Based on these two remarks, plaintiff improbably concludes, "It is quite obvious that Mr. Steigrod's trips to New York were frequent for business purposes," and "It is quite obvious that Mr. Steigrod had this communication ... for business purposes, thus reflecting again his regular transaction of business in New York...." Plaintiff's conclusions are neither obvious nor reasonable inferences. Defendant could make trips to New York City for a multitude of personal reasons, and an isolated phone call to a New York company does not constitute transacting business in the state. *See Wilhelmshaven Acquisition Corp. v. Asher,* 810 F.Supp. 108, 112 (S.D.N.Y.1992). Moreover, plaintiff has failed to allege, as required under § 302(a)(1), that defendant's trips or phone call to New York were related to the alleged false statements that give rise to this cause of action.

■ Plaintiff next contends that this court has jurisdiction over defendant pursuant to § 302(a)(2), under which a nondomiciliary is subject to personal jurisdiction in New York if he or she commits a tortious act, other than defamation, within New York. Section 302(a)(2) is strictly construed; the tortious act must be committed by the nondomiciliary while he or she is physically present in New York. *Roth v. El Al Israel Airlines, Ltd.,* 709 F.Supp. 487, 490 (S.D.N.Y.1989). An injury does not occur within a state simply because plaintiff is a resident; the location of the injury is the location of the event which caused the injury, not the location where plaintiff suffered damages. *Mareno v. Rowe,* 910 F.2d 1043, 1046 (2d Cir.1990). The alleged tortious behavior in this action, that is, the false remarks made by defendant, occurred in Pennsylvania. (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at 7.) Plaintiff does not allege that defendant committed tortious conduct within the state of New York; thus, § 302(a)(2) does not provide a basis of jurisdiction over defendant.

Pursuant to § 302(a)(3), the final jurisdictional basis that plaintiff alleges, a defendant who commits a tortious act, other than defamation, outside the state which causes injury within the state may be subject to New York jurisdiction if he or she:

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;

Plaintiff has proffered no facts establishing the requirements of either (i) or (ii). For the reasons discussed previously, the two statements made in the RWR deposition do not establish the regular doing or solicitation of business in New York as required by § 302(a)(3)(i) or prove that defendant derives substantial revenue from interstate or international commerce as required by § 302(a)(3)(ii). I can and do not assume that defendant has met the requirements of the long-arm statute if plaintiff's papers offer no facts to support his bare allegations.

### *CONCLUSION*

For the reasons stated above, defendant's motion to dismiss the Complaint for lack of personal jurisdiction is granted. The Clerk of the Court is directed to enter judgment dismissing the Complaint against the defendant.

**SO ORDERED.**