## ART LEATHER MANUFACTURING CO., INC., Plaintiff,

v.

## ALBUMX CORP., et al., Defendants.

### No. 94 Civ. 6013.

United States District Court, S.D. New York.

June 6, 1995.

---

Cobrin Gittes & Samuel, New York City (Peter T. Cobrin, Kerry P.L. Miller, of counsel), for plaintiff.

Lyon & Lyon, Los Angeles, CA (Robert C. Weiss, Jerome Tao, of counsel), for defendants Albumx, Kambara, Albums.

Schweitzer Cornman & Gross, New York City (Fritz L. Schweitzer, Jr., of counsel), William Brinks Hofer Gilson & Lione, Toledo, OH (Vincent L. Barker, of counsel), for defendant Gross.

Law Offices of Gerard F. Dunne P.C., New York City (Gerard F. Dunne, of counsel), for defendant HPI.

## Memorandum and Order

STANTON, District Judge.

Defendant HPI Corp. moves pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss the claims against it. HPI, a South Carolina corporation, contends that this court does not have jurisdiction over it in this patent infringement action because it does not do business in New York and has not sold the product at issue to any New York customers.

### BACKGROUND

The following facts are undisputed. HPI markets the "Marquise" line of wedding photograph albums, which it sells through distributors to professional photographers. Art Leather, which markets a competing album, claims that the Marquise albums infringe Art Leather's patent on a wedding album page. (*See* Twice Amended Complaint, ¶¶ 31–36; Mark Roberts Aff. ¶¶ 3, 5.)

HPI has no office, showroom, factory, warehouse or other business facility in New York. (Peter Roberts Aff. ¶ 3.) None of its employees resides or works in New York, and it has no salesperson, sales representative organization, or other entity in New York which is authorized to confirm orders, establish prices or make other business decisions concerning HPI's products. (*Id.* ¶ 5.) HPI has never sold the Marquise albums to a New York customer or shipped it into New York. (*Id.* ¶ 7.) It has not "directed or authorized any of its customers to sell or use the Marquise album pages within the State of New York." (*Id.* ¶ 8.)

HPI sells the Marquise album through a network of twelve distributors, one of which, Michel Co., sold the album to New York customers. (*See* Mark Roberts Aff. ¶ 9.) Michel, which is located in Illinois, shipped

Marquise albums to New York customers 84 times in 1994. (Dawn Harris Aff. ¶¶ 5–6.) Michel has advertised the Marquise albums in *Professional Photographer* magazine. (*See* Kerry Miller Aff. Exh. F.)

## DISCUSSION

### 1. *Standard*

■ In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Sheppard v. Beerman*, 18 F.3d 147, 150 (2nd Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994) (citations omitted). Because discovery has been conducted on the question of jurisdiction, Art Leather must show by a preponderance of the evidence that there is jurisdiction over HPI. *Reiss v. Steigrod*, 866 F.Supp. 747, 748 (S.D.N.Y. 1994).[1]

### 2. *Jurisdiction Under New York's Long–Arm Statute*

■ Art Leather claims it has jurisdiction over HPI pursuant to N.Y.Civ.Prac.L. & R. § 302(a)(3) (McKinney 1995),[2] which provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of

conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

#### a. **Substantial Revenue From Goods Used in New York**

HPI concedes that it derives substantial revenues from goods that are used in New York. (HPI's Reply Memorandum, at 10.) Thus, section 302(a)(3)(i) is satisfied and jurisdiction is proper if HPI committed a tortious act outside New York which caused injury in New York.

#### b. **Injury in New York**

■ Assuming that the Marquise album infringes Art Leather's patent, HPI committed a tortious act outside New York when it sold the infringing albums to Michel in Illinois. Art Leather argues that Michel's resale to New York customers injured Art Leather in New York because the resales are acts of infringement and because the Marquise albums compete with Art Leather's similar product in the New York market.

■ To provide the basis for jurisdiction, the defendant's tortious act outside New York must directly cause injury within New York. *Interface Biomedical Laboratories Corp. v. Axiom Medical, Inc.*, 600 F.Supp. 731, 738 (E.D.N.Y.1985). When the complaint alleges a commercial tort, the plaintiff may establish injury by showing that it lost business in New York as a result of the tort. *Securities Training Corp. v. Securities Seminar, Inc.*, 633 F.Supp. 938, 942 (S.D.N.Y. 1986); *see also Sales Arm, Inc. v. Automobile Club of Southern California*, 402 F.Supp. 763, 766 (S.D.N.Y.1975) (place of injury for purposes of N.Y.C.P.L.R. § 302(a)(3) is where business is lost).

---

**1.** Art Leather asserts that it has not had sufficient discovery regarding jurisdiction (and thus should be required to make only a *prima facie* showing), but it does not set forth the additional discovery it needs or the facts it believes it would discover.

**2.** In an action arising under a federal statute, a federal court looks to the law of the state in which it sits to determine whether there is personal jurisdiction over a defendant unless a federal statute specifically provides for national service of process. Fed.R.Civ.P. 4(e); *Kinetic Instruments, Inc. v. Lares*, 802 F.Supp. 976, 981 (S.D.N.Y.1992).

■ A patent holder suffers economic loss at the place where an infringing sale is made because the holder loses business there. *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1571 (Fed.Cir.), *cert. dismissed,* —— U.S. ——, 115 S.Ct. 18, 129 L.Ed.2d 917 (1994). Art Leather has produced evidence that Michel made 84 sales of Marquise products to New York customers in 1994. Because Art Leather markets a competing album, those sales caused economic injury to Art Leather in New York.

So, the question is whether HPI's sale of the allegedly infringing albums to Michel in Illinois caused the New York injury. HPI's sales to Michel may have injured Art Leather in Illinois, but unless HPI's sales to Michel are deemed to cause all subsequent resales, they did not injure it in New York and there is no jurisdiction over HPI under section 302(a)(3).

There appear to be three definitions of "cause" in the law. The first is "but for" cause: the injury would not have occurred if the act had not taken place, so the act was a cause of the injury. The second is "proximate" cause: the act was so close to the injury that reasonable people would regard it as a cause of the injury (in actual application, this usually requires that the act was a major cause of the injury; minor or trivial incidents are disregarded). The third might be described as epidemiological or statistical cause, which is mainly used in mass or toxic tort cases and is not applicable here. *See In re Joint Eastern & Southern Dist. Asbestos Litigation,* 827 F.Supp. 1014, 1–26 (S.D.N.Y. 1993) (outlining three types of cause).

■ Common sense tells us that the New York statute cannot mean "but for" cause when it refers to acts causing injury within the state. If it did, the New York courts would be deluged with issues of remote, tangential and inconsequential causes of injuries suffered here. Some rule of reason must have been contemplated: the understanding must have been the familiar one of proximate cause.

Clearly HPI's sale to Michel in Illinois was a "but for" cause of the sales in New York: without the Illinois sales, Michel could not have sold the albums here. But the sales in Illinois did not proximately cause the sales in New York. The supply delivered in Illinois could easily have been exhausted by resales in 49 other states. Michel was free to sell wherever it wished. Having sold to Michel, HPI had no economic concern with where Michel sold the albums. While resales in New York were of course a possibility, they were not necessarily more likely than sales elsewhere. All of that was left to Michel. In short, while resales were foreseeable, the sale in Illinois did not cause the resales to occur in New York.

Under the circumstances, the assumed out-of-state tortious act was too remote to be the cause of the injury within the state of New York, and there is no jurisdiction over HPI under C.P.L.R. section 302(a)(3).

### *CONCLUSION*

The Clerk is directed to enter judgment dismissing the complaint against HPI, with costs and disbursements according to law.