BELLEPOINTE, INC., Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC., Defendant.

No. 97 Civ. 3126(CBM).

United States District Court, S.D. New York.

Sept. 4, 1997.

Brett J. Meyer, Kreindler & Relkin, P.C., New York City, for Plaintiff.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Defendant Kohl's Department Stores has moved to dismiss this case on the grounds that it is not subject to personal jurisdiction in the state of New York. The court grants the motion and dismisses the case.

## BACKGROUND

This is a copyright infringement case in which plaintiff Bellepointe, Inc., a garment manufacturer, has alleged that defendant Kohl's Department Stores, Inc., a manufacturer and seller of women's garments, has infringed its copyright in certain textile designs. Plaintiff is an Ohio corporation, and defendant is incorporated in Delaware with its principal place of business in Wisconsin. According to an affidavit filed on behalf of defendant by its Vice President and General Counsel, Kohl's, which operates a large num-

ber of stores [1] in several Midwestern states, owns no stores in New York, nor does it own any in states proximate thereto. (Sygred Decl. ¶ 4). It has no mailing address, telephone number or bank account in New York, no officers or employees who reside in New York, and it does not derive substantial revenue from goods used or services rendered in New York. (Sygred Decl. ¶ 6–7,9). Moreover, the allegedly infringing sweaters were neither designed, made nor sold in New York, and, given the distance between New York and Kohl's closest store, it is unlikely that any of the infringing sweaters were purchased by New York residents. (Sygred Decl. ¶ 10–11).

However, plaintiff has identified one significant contact which defendant has had with the state of New York—in February of 1996, defendant had obtained a license to transact business in the state (Meyer Aff. ¶ 2). When defendant was notified by plaintiff of this fact, it promptly discontinued its license, but it is undisputed that the license was effective at the time that the alleged infringing acts took place.

## DISCUSSION

### I. Motion to Dismiss for Lack of Personal Jurisdiction

In the words of the Second Circuit:

In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion. If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials. Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. But until such a

hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion.

*Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981) (citations omitted).

■ In this case, the court has neither allowed discovery to proceed, nor has it conducted a "full-blown evidentiary hearing." Thus, the plaintiff only needs to make a prima facie showing of jurisdiction on the basis of its pleadings and supporting papers in order to defeat the motion. The court must construe plaintiff's papers in the light most favorable to it and resolve all doubts in its favor. *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986), *Hoffritz for Cutlery, Inc. v. Amajac Ltd.,* 763 F.2d 55, 57 (2d Cir.1985).

### II. Standard for Motion to Dismiss

In federal question cases, a district court looks to the law of the state in which it sits in order to determine whether or not there is personal jurisdiction, unless a federal statute provides for national service of process. FED. R. Civ. P. 4(e); *Art Leather Manufacturing Co., Inc. v. Albumx Corp.,* 888 F.Supp. 565, 567 n. 2 (S.D.N.Y.1995); *Kinetic Instruments, Inc. v. Lares,* 802 F.Supp. 976, 981 (S.D.N.Y.1992). If the state law does allow jurisdiction to be exercised over the defendant, the court must then determine whether or not the exercise of jurisdiction complies with the due process clause of the U.S. Constitution. *See A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76, 79–80 (2d Cir.1993).

### A. New York Law

New York law allows for the exercise of jurisdiction on a foreign corporation on two grounds: (1) if the corporation is "present" in New York, N.Y.Civ.Prac.L. & R. ("CPLR") § 301 [2], or (2) if the plaintiffs claim

---

**1.** Plaintiff claims that defendant has over 500 stores, while defendant claims that the number is closer to a third of that. Given that this is a motion to dismiss and all doubts are to be in

plaintiff's favor, *see* Sec. I *infra,* the court assumes plaintiff's figure to be the correct one.

**2.** § 301 of the CPLR actually says only that a party is subject to jurisdiction under New York

arises out of the corporation's transaction of business within the state. CPLR § 302; *United Trading Company v. M.V. Sakura,* 1996 WL 374154, at *1 (S.D.N.Y.). Since plaintiff has not maintained that the claim arises out of any contacts which defendant has in the state of New York, this court focusses on whether plaintiff has made a prima facie showing of "presence."

■ A nondomiciliary corporate defendant such as Kohl's will be deemed "present" in New York if it "does business" in New York. *Twine v. Levy,* 746 F.Supp. 1202, 1204 (E.D.N.Y.1990); *Frummer v. Hilton Hotels, Inc.,* 19 N.Y.2d 533, 536, 227 N.E.2d 851, 853, 281 N.Y.S.2d 41, 43, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967); *Bryant,* 15 N.Y.2d at 430, 208 N.E.2d at 440, 260 N.Y.S.2d at 627. "Doing business," however, requires more than just occasional or casual business activities; rather, the defendant's conduct must be "with a fair measure of permanence and continuity." *Twine,* 746 F.Supp. at 1204 (quoting *Tauza v. Susquehanna Coal Company,* 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917)(Cardozo, J.)); *accord United Trading,* 1996 WL 374154 at *1.

■ In this case, despite the complete absence of any allegations that defendant conducts any business in the state, plaintiff urges the court to hold that the mere fact that defendant possessed a license to do business in the state is sufficient to confer jurisdiction. Although there is some authority to support this proposition, *see Laumann Manufacturing Corp. v. Castings USA, Inc.,* 913 F.Supp. 712, 717 (E.D.N.Y.1996); *Augsbury Corp. v. Petrokey Corp.,* 97 A.D.2d 173, 175, 470 N.Y.S.2d 787, 789 (3d Dep't.1983), the court declines to follow it and adheres instead to the rule set forth by the Second Circuit that a license to do business is not dispositive on the issue of personal jurisdiction. *Beja v. Jahangiri,* 453 F.2d 959, 962 (2d Cir.1972). The 1990 Practice Commen-

taries to § 301 of the CPLR take the same view, stating the following:

> While the New York Court of Appeals has never ruled on the question, there is no reason why in this era, when interest analysis is the key to jurisdiction, the mere filing of a certificate should be conclusive on the issue of jurisdiction. If due process requires that there be a reasonable contact between the defendant and the forum where the suit is brought, a respectable argument may be made that the mere existence of a certificate of authority to do business in New York is insufficient as a predicate of jurisdiction in those cases where the defendant is not in fact doing business in the state and the cause of action in no way relates to the defendant's New York activities.

CPLR § 301, 1990 Practice Commentary C301:4.

Thus, this court may not require defendant to litigate this matter in this court merely because it had a license to transact business in this state. Plaintiff, however, maintains that even if a license to do business does not allow for the exercise of jurisdiction *per se,* it is sufficient to make a prima facie showing of jurisdiction. Plaintiff further argues that the alleged prima facie showing which he has made at the very least entitles him to conduct discovery on the jurisdictional issue. There are two serious flaws with this argument.

■ First of all, plaintiff misunderstands exactly what a prima facie case is. As was indicated in Sec. I *supra,* a prima facie showing of jurisdiction does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction. Thus, the requirement of a "prima facie" showing in this context is simply a restatement of the long established standard in a motion to dismiss that plaintiff's plead-

---

law if it had been subject to jurisdiction prior to the enactment of the CPLR. Since presence within a state has traditionally been the way that jurisdiction has been established, *see Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877), it has long been held by the New York Court of Appeals

that § 301 subjects all persons and non-domiciliaries present in the state to the jurisdiction thereof. *See Bryant v. Finnish National Airline,* 15 N.Y.2d 426, 208 N.E.2d 439, 260 N.Y.S.2d 625 (1965).

ings are accepted as true and construed in its favor. *See A.I. Trade Finance*, 989 F.2d at 79–80. Other than the allegation relating to the license to do business, plaintiff has pled no facts which demonstrate that defendant is subject to jurisdiction in New York.

Secondly, plaintiff cannot put defendant through the costly process of discovery, even discovery limited to jurisdictional matters, simply because it thinks that it can probably show significant contact with the state of New York if discovery were to proceed. Indeed, plaintiff's protestations to the contrary notwithstanding, it is hard to believe that plaintiff will be able to establish "presence" in the state. If defendant engaged in the type of systematic and regular business contact with New York which is sufficient to establish presence, plaintiff would surely know something about it even prior to the initiation of discovery.

Thus, the court holds that New York law does not allow for the exercise of jurisdiction over defendant in this case.

## B. Due Process

Since it is clear that defendant is not subject to jurisdiction under the law of New York, the court will not address the due process issue. The court does note, however, that given defendant's lack of any significant contact with the state of New York, it is doubtful that plaintiff would be able to demonstrate "that ... maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" as the due process clause requires. *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)).

## III. Conclusion

Thus, for the reasons stated above, this court holds that defendant is not subject to personal jurisdiction in this case.